January Term,
1861.

WATERHOUSE
v.
FREEMAN et al.

|13  339|
|104   92|

WATERHOUSE vs. FREEMAN and another.

A party cannot complain of an order which is in his favor.

Where a change of attorneys is made during the progress of a suit, notice of the change must be served on the opposite attorney; and until such notice is given to him, he is not bound to take notice of any proceeding in the suit, in the name of any other than the attorney of record.

An order of arrest is a provisional remedy of an ancillary character, and if improperly issued in an action upon a contract, may be vacated on motion; but the court is not deprived thereby of its jurisdiction to proceed in the action.

An objection for a variance between the summons and complaint, is waived by the defendant's appearing and demurring to the complaint.

APPEAL from the Circuit Court for *Winnebago* County.

This was an action to recover moneys which it was alleged that the defendants had collected as attorneys at law of the plaintiff, and had refused to pay over on demand. The summons was dated October 15, 1859, and was in the usual form, but concluded thus: "in this action the plaintiff will apply to the court for the relief demanded in the complaint." The complaint was attached to the summons, and demanded judgment for the sum claimed to be due. There was an affidavit attached to the complaint for the purpose of procuring the arrest of the defendants, and an order of arrest was issued by a court commissioner, and the defendants arrested. They appeared by their attorneys and filed a demurrer to the complaint. The demurrer was sustained, and the plaintiff filed an amended complaint. The defendants served upon the plaintiff's attorneys a demurrer to the amended complaint, signed by different attorneys from those who had previously appeared for the defendants. The plaintiff's attorneys returned the demurrer, on the ground that the attorneys who signed it "had no right to appear in the action." The attorneys who signed the demurrer gave notice at the time of serving it, of their retainer for the defendants, but there had been no notice of their formal substitution in place of the attorneys who had previously appeared. Before the commencement of the next term, the plaintiff's attorneys gave notice to the defendants that they would apply to the court for the relief demanded in the complaint. Upon the hearing of the application the court denied it, and ordered

January Term, that the defendants be allowed to appear by attorney and
1861.     file their demurrer, on payment of ten dollars costs, which
WATERHOUSE they did, and the demurrer was overruled, with leave to the
v.
FREEMAN et al. defendants to answer on payment of costs.  Afterwards, at
the same term, the defendants served on the plaintiff an or-
der to show cause why the action should not be dismissed,
for the reason, among other things, that the court had no
jurisdiction by the process in the cause, of the subject mat-
ter of the suit, the process being an order of arrest issued in
an action for money collected by defendants as attorneys for
the plaintiff, and the subject matter of the suit being a con-
tract and not a tort.  The court, on a hearing, refused to
dismiss the action.  From all the rulings against them in
the cause, the defendants appealed.

   *Pike & Tyler*, for appellants.

   *Wheeler & Coolbaugh*, for respondent.

January 8.     *By the Court,* PAINE, J.  The order denying the plaintiff's
motion for judgment, and allowing the defendants to file
their demurrer on the payment of ten dollars costs, from
which the defendants have appealed, must be affirmed.  The
only reason urged for reversing it is, that the notice of the
motion for judgment given by the plaintiff, did not author-
ize such a judgment as he asked for.  But concede it, and
the answer is, that the court denied him such a judgment, or
any judgment at all.  The balance of the order is in the de-
fendants' favor.  The demurrer last served, by counsel who
were not attorneys of record, was properly returned by the
plaintiff's attorney.  He was not bound to recognize them
as having anything to do with the case, until they were reg-
ularly substituted for the attorneys of record.  It was there-
fore a matter of discretion with the court, after the time for
answering the amended complaint had expired, to determine
upon what terms the defendants might plead.  There is
therefore nothing in this order of which they can complain.

   Neither is the position well taken, that because an order
of arrest may have been improperly issued in an action on a
contract, the court had therefore no jurisdiction.  The order
of arrest is not the process by which the suit is commenced,

but is a provisional remedy of an ancillary character. If improperly issued, it may be recalled on motion, but it does not deprive the court of jurisdiction to proceed in the action.

All objection to the variance between the summons and complaint, if such there was, was waived by the appearance of the defendants and their demurring to the complaint.

The orders appealed from are affirmed, with costs.