EMERSON and others, Respondents, vs. McDONELL and another, Appellants.

*November 28—December 15, 1908.*

*Appeal and error: Review: Presumption as to grounds of decision below: Attorney and client: Authority: Defending action in client's name: Judgment: Vacating: Surprise: Presumptions.*

1. On appeal by defendants from an order denying their motion to set aside a judgment on the ground that their attorney, who had purchased the lands involved from them *pendente lite,* had defended the action in their names without their authority or consent, there was, notwithstanding their affidavit to the contrary, evidence from which the court might have found that the action was defended in defendants' name with their consent. *Held,* that the order refusing to vacate the judgment must be presumed to have gone upon the fact of such evidence.

2. When the record shows that an attorney who had appeared for defendants in the action, but who had purchased from them the lands involved therein *pendente lite,* was defending the action and appealed from the judgment therein in their names, the defendants are bound by the judgment rendered in the action.

3. In such case it is presumed that defendants knew that a judgment would follow the trial of the action in which they participated and were sworn as witnesses, and, having by consent conferred upon their attorney of record authority to give or receive notice of entry of such judgment, notice of entry thereof to such attorney is notice to defendants.

4. In such case, notice of entry of judgment having been served on defendants' attorney, the situation did not bring defendants within the calls of sec. 2832, Stats. (1898), permitting relief from judgments obtained through surprise, inadvertence, or excusable neglect.

APPEAL from an order of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

The appeal is from a judgment denying a motion of defendants to vacate a judgment in the above entitled action and allow defendants to file a proposed answer.

For the appellants there was a brief by *L. J. Rusk & L. K. Luse,* and oral argument by *Mr. Luse.*

Among other references upon the part of the appellants were the following: Sec. 2832, Stats. (1898); *Bloor v. Smith,* 112 Wis. 340, 87 N. W. 870; *Schobacher v. Germantown F. M. Ins. Co.* 59 Wis. 86, 17 N. W. 969; *Robbins v. Kountz,* 44 Wis. 558; *Emerson v. McDonnell,* 129 Wis. 67, 107 N. W. 1037; sec. 2801, Stats. (1898); 20 Ency. Pl. & Pr. 1035; *Belden v. Hurlbut,* 94 Wis. 562, 69 N. W. 357; *Behl v. Schuette,* 95 Wis. 441, 70 N. W. 559; *Platt v. Schmidt,* 115 Wis. 394, 91 N. W. 992; *Ean v. C., M. & St. P. R. Co.* 101 Wis. 166, 76 N. W. 329; *Palmer v. Yager,* 20 Wis. 97; *Schriber v. LeClair,* 66 Wis. 579, 29 N. W. 570, 889; *Wood v. Lake,* 13 Wis. 84; *Urwan v. N. W. Nat. L. Ins. Co.* 125 Wis. 349, 103 N. W. 1102; *Kremer v. Sponholz,* 129 Wis. 549, 109 N. W. 527; secs. 1063, 1096, 1141, 1175, Stats. (1898); *Pier v. Oneida Co.* 93 Wis. 463, 67 N. W. 702; *Chippewa River L. Co. v. J. L. Gates L. Co.* 118 Wis. 345, 94 N. W. 37, 95 N. W. 954.

For the respondents there was a brief by *Smart & Curtis,* and oral argument by *E. M. Smart.*

Among other references upon the part of the respondents were the following: *Ledebuhr v. Wis. T. Co.* 115 Wis. 214, 91 N. W. 1012; *Kuenzli v. Burnham,* 124 Wis. 480, 102 N. W. 940; *Halsey v. Waukesha Springs Sanitarium,* 128 Wis. 438, 107 N. W. 1; *Warner v. Trow,* 36 Wis. 195; *Lawrence v. Milwaukee,* 45 Wis. 306; *Strong v. Hooe,* 41 Wis. 659; *Finney v. Boyd,* 26 Wis. 366; 24 Am. & Eng. Ency. of Law (2d ed.) 737; *Grant v. Conn. Mut. L. Ins. Co.* 29 Wis. 125; *Duthie v. Washburn,* 88 Wis. 597, 60 N. W. 1053; sec. 2585, Stats. (1898); *U. S. v. Curry,* 6 How. 106; 3 Am. & Eng. Ency. of Law (2d ed.) 409; *Butler v. Mitchell,* 17 Wis. 52; *Seymour v. Chippewa Co.* 40 Wis. 62; *Boutin v. Catlin,* 101 Wis. 545, 77 N. W. 910.

TIMLIN, J.    On July 28, 1899, the plaintiffs, claiming the land in question under a tax deed of June 6, 1899, began

a suit against the defendants to quiet title under said tax deed. The defendants, by A. W. McLeod, their attorney, appeared and answered. The cause came to trial in March, 1903, and resulted in judgment for the defendants. In October, 1903, plaintiffs moved to vacate this judgment, and it was made to appear, among other things, that McLeod, while acting as attorney for defendants, and in September, 1899, while said action was pending, purchased from the defendants the land in controversy, which was vacant and unoccupied. The defendants conveyed to McLeod by quitclaim deed, which was recorded in the office of the register of deeds of Ashland county on November 11, 1899. The circuit court on this motion by plaintiffs vacated the judgment and ordered that the cause be continued in the name of *A. B. McDonell* and *Thomas Irvine* as defendants, presumably under the impression that the case was one covered by sec. 2801, Stats. (1898), and in attempted conformity to this statute. McLeod continued as he had begun upon the record as attorney for the defendants, and the cause came on for trial again in January, 1904, when the circuit court after trial made findings of fact asserting the purchase *pendente lite* by McLeod as aforesaid, and that after this purchase McLeod defended the action at his own expense and risk and for his own benefit, but in form as attorney for the defendants *McDonell* and *Irvine,* without express authority from the latter to continue the action in their names or to act in any manner for them, and the latter, after the conveyance to McLeod, took no part in the defense of the action either in person or by attorney. McLeod, on October 30, 1899, deposited with the attorneys for plaintiffs $806, that being the amount of taxes in arrears and interest and costs of taking and recording the tax deed, and on March 19, 1903, he executed a quitclaim deed of the lands in controversy to the Washburn Land Company, a corporation, which deed was recorded in the office of the register of deeds of Ashland county on April

14, 1903, and the latter company had notice of all matters in any way affecting the title through McLeod, and notice of *lis pendens* was properly filed on September 22, 1899.

On these and some additional facts there was a conclusion of law that the purchase by McLeod above mentioned was champertous and absolutely void, and that the defendants *McDonell* and *Irvine* were in default except for their appearance, and that the defense be stricken out and judgment entered in favor of the plaintiffs on the merits to the effect that the defendants and all persons claiming by, through, or under them subsequent to the filing of notice of *lis pendens* be forever barred and foreclosed of and from any right, title, claim, or interest in or to the lands in controversy. Judgment was accordingly entered on May 9, 1905. From this judgment the defendants appealed, or McLeod appealed in the name of the defendants, to the supreme court, and the judgment was affirmed in *Emerson v. McDonnell,* 129 Wis. 67, 107 N. W. 1037, on June 21, 1906. On affidavits by the defendants tending to show that they had been overreached by McLeod in his said purchase, that McLeod used the names of defendants in the answer and in the appeal to the supreme court without authority or consent, and that after the decision of the supreme court they learned of these facts and returned to McLeod the purchase money received by them from him and demanded and obtained from him a rescission of said purchase and reconveyance of said land, the latter bearing date September 1, 1906, and upon the affidavits of other persons and a proposed verified answer stating a good defense against the tax deed, the defendants moved the circuit court for Ashland county in October, 1906, to vacate and set aside the said judgment in favor of the plaintiffs. It was shown without contradiction that during the second trial in January, 1904, the defendant *McDonell,* who had charge of this land for himself and his codefendant, attended and was sworn as a witness and was accompanied by his attorney, and neither said defendant nor his attorney made any objec-

tion to the action of McLeod in conducting the defense of said action in the name of the defendants. The circuit court denied this motion to vacate the judgment, and from that order this appeal is taken. While the appeal to this court was pending, J. W. Emerson died intestate, leaving five infant heirs, and *Ida Emerson* was appointed his administratrix. Upon written suggestion to this court an order was made by this court substituting said administratrix and heirs as parties respondent, and *Ida Emerson* was appointed guardian *ad litem* of the infant heirs in this cause and in this court only. There was, notwithstanding the affidavit of the defendants to the contrary, evidence from which the circuit court might have found that the action was defended and appealed in the name of the defendants with their consent, and therefore the order refusing to vacate the judgment may have gone upon this fact, and we must presume it did. Even the oath taken by *McDonell* as a witness informed him who were the parties to the action at that time. In such case the defendants would be bound by the judgment rendered in the action so defended and appealed. *Logan v. Trayser,* 77 Wis. 579, 46 N. W. 877; *Carpenter v. Carpenter,* 126 Mich. 217, 85 N. W. 576. The motion by the defendants to vacate the judgment is itself a concession that the judgment against them is conclusive upon them unless vacated. This brings us to the merits of defendants' motion to vacate the judgment.

The judgment was entered May 19, 1905, notice of entry thereof served upon McLeod, the attorney of record of defendants, on May 29, 1905, and after this the judgment was affirmed by this court on appeal, and on October 8, 1906, the defendants procured and served an order to show cause why the judgment should not be vacated and they be permitted to answer. They knew there had been a trial of the action in 1904 at which the defendant *McDonell* was present with his attorney and was sworn as a witness, and they knew the defense was being conducted by McLeod, his attorney of

record, in their names as defendants. We must therefore presume that they knew that a judgment would follow the trial, and that having by consent conferred upon McLeod authority to give or receive notice of entry of such judgment, such notice to McLeod, their attorney of record, was notice to defendants. Defendants therefore do not bring themselves within the statute (sec. 2832, Stats. 1898) which permits the court in discretion and upon such terms as may be just to relieve a party from a judgment against him, obtained through his surprise, inadvertence, or excusable neglect. This, of course, is based on the presumption in support of the order below that the circuit court found, as it might well have done upon the evidence, that the defendants, knowing that McLeod was conducting the defense in their names as defendants and attorney of record for them, acquiesced in this manner of carrying on the litigation. Assuming, therefore, but not deciding, that defendants had a right of rescission which survived all this delay and acquiescence, and survived these rights of the plaintiffs intervening, and that defendants do not derive their present title from or through McLeod, still they cannot insist that the judgment in question be vacated and the order of the circuit court denying their motion to vacate the judgment was right and should be affirmed. *Pier v. Storm,* 37 Wis. 247; *Waterhouse v. Freeman,* 13 Wis. 339; *Knox v. Clifford,* 41 Wis. 458. The decision of this court reported in 129 Wis. 67, 107 N. W. 1037, deals with the question of champerty only, and not with the legal effect of acquiescence in the use of defendants' names as parties litigant by the attorney of record to maintain them within the estoppel of the judgment and to subject them to notice of the various steps in the action through the regular notices provided by law and served upon their apparent and permitted attorney of record. This makes unnecessary the consideration of other questions argued.

*By the Court.*—The order of the circuit court is affirmed.

BARNES, J., took no part.