IFC COLLATERAL CORPORATION, Plaintiff, v. COMMERCIAL UNITS, INC., and others, Defendants: LAYTON PARK BUILDING & LOAN ASSOCIATION, Appellant: ABCO BUILDING CORPORATION, Respondent: MANLO BUILDING CORPORATION, Third-party Defendant.*

No. 280. Argued May 9, 1969.—Decided June 3, 1969.
(Also reported in 168 N. W. 2d 124.)

* Motion for rehearing denied, with costs, on September 8, 1969.

102

For the appellant there were briefs by *S. S. Sanger,* attorney, and *Bernard C. Westfahl* of counsel, both of Milwaukee, and oral argument by *Mr. Westfahl.*

For the respondent there was a brief and oral argument by *Gerald A. Flanagan* of Milwaukee.

WILKIE, J.   The sole issue presented on this appeal is whether the trial court had personal jurisdiction over appellant, Layton Park.

Initially, jurisdiction over appellant, Layton Park, was obtained by virtue of the service of the summons and complaint and amended summons and complaint. Thereafter, counsel for appellant filed a notice of retainer and appearance.

Sec. 269.37, Stats., provides as follows:

"**Service on attorney; when service not required.** When a party to an action or proceeding shall have appeared by an attorney the service of papers *shall* be made upon the attorney.   When a defendant shall not have appeared in person or by attorney service of notice or papers in the

ordinary proceedings in an action need not be made upon him unless he be imprisoned for want of bail." (Emphasis added.)

In the order dated February 7, 1967, the trial court, pursuant to stipulation between plaintiff IFC Collateral Corporation and appellant, dismissed the action of IFC Collateral Corporation against appellant without prejudice and without costs.

However, on September 7, 1967, the February 7, 1967, order was vacated as being improper and ineffective. The trial court also overruled appellant's demurrer to the amended complaint and ordered it to answer or otherwise plead on or before September 15, 1967.

Layton Park appealed from this order and pursuant to sec. (Rule) 251.57, Stats., this court reversed.

In its order dated June 28, 1968, denying the order to show cause for default judgment against appellant, Layton Park, in favor of respondent, ABCO Building Corporation, the trial court provided that:

"Since at the time of the cross complaint and third party complaint of defendant, ABCO Building Corporation, the defendant Layton Park Building & Loan Association was dismissed out of the action as a party, Wisconsin Statute 260.19 would require that Layton Park Building & Loan Association be named as a third party defendant which they were not so named and in addition, more than 40 days had elapsed after issue was joined and no application was made to so name them to the court."

It further provided that:

"Any party to this action is given 30 days from the signing of this order, namely July 29, 1968, to seek leave of this court for any appropriate pleading involving the complete determination of this controversy which may involve the defendant Layton Park Building & Loan Association."

Thereafter, pursuant to this decision of the trial court and pursuant to sec. 263.15 (4), Stats.,[2] respondent, ABCO Building Corporation, on July 19, 1968, obtained an order to show cause returnable July 29, 1968. The purpose of this order was to obtain leave of the court to file ABCO's proposed cross complaint against appellant Layton Park.

Also on that same date, July 19, 1968, as shown by proper affidavit of mailing, the secretary for respondent ABCO's attorney mailed to appellant's attorney of record a copy of this order to show cause together with the supporting affidavit and the proposed cross complaint of respondent ABCO.

On July 29, 1968, when the order to show cause was called for hearing, appellant Layton Park appeared specially contending that the trial court lacked personal jurisdiction.

After hearing arguments, the trial court denied appellant's special appearance and ruled that a general appearance be entered. Layton Park appeals from that order.

It might be noted that the question of whether permission will be granted to respondent, ABCO, to file its proposed cross complaint has not yet been considered by the trial court.

*Thus the precise, only, and narrow question on this appeal is whether the mailing of a copy of the order to show cause and the proposed cross complaint, supported by the affidavit of mailing, was sufficient to amount to service under the provisions of sec. 269.34, Stats.* We are not concerned with the merits of the relative rights

---

[2] "263.15 (4) A cross complaint may be served without leave of court within 40 days after issue is joined in the original action. Thereafter leave of court on notice and hearing or stipulation of the parties must be obtained."

of various creditors in the property of Commercial Units, Inc.

Sec. 269.34, Stats., provides as follows:

"**Service of papers; personal and by mail.** (1) The service of papers may be personal by delivery of a copy of the paper to be served to the party or attorney on whom the service is to be made.

"(2) Service upon an attorney may be made during his absence from his office by leaving such copy with his clerk therein or with a person having charge thereof; or, when there is no person in the office, by leaving it in a conspicuous place in the office; or, if it be not open then by leaving it at the attorney's residence with some person of suitable age and discretion. If admission to the office cannot be obtained and there is no person in the attorney's residence upon whom service can be made, it may be made by mailing him a copy to the address designated by him upon the preceding papers in the action; or where he has not made such a designation, at his place of residence or the place where he keeps an office, according to the best information which can conveniently be obtained concerning the same.

"(3) Service upon a party may be made by leaving the copy at his residence between the hours of six in the morning and nine in the evening, with some person of suitable age and discretion.

"(4) *Service may be made by mailing such copy where the person making the service and the person on whom it is made reside in different places between which there is a communication by mail.* Service by mail is complete upon mailing. The copy of the paper to be served must be properly enclosed in a postpaid envelope and must be addressed to the person on whom it is to be served at his proper post-office address. The envelope may bear the sender's name and address and a request to the postal officers for the return thereof in case of nondelivery to the person addressed." (Emphasis added.)

Appellant contends in effect that sub. (4) is qualified by the language in sub. (2) which provides that "[i]f admission to the office cannot be obtained and there is no person in the attorney's residence upon whom service can be made, it may be made by mailing him a copy to the

address designated by him upon the preceding papers in the action; or where he has not made such a designation, at his place of residence or the place where he keeps an office, according to the best information which can conveniently be obtained concerning the same."

Appellant appears to contend that attempted service at the attorney's office or at his home are conditions precedent to service by mailing.

Respondent disagrees, contending in effect that service by mailing is controlled exclusively by sub. (4) and that sub. (2) merely mentions service by mailing as an alternative to personal service, but not conditioned upon attempts at personal service.

We think that the interpretation sought by the respondent is the more reasonable. In the relatively early case (1860) of *Wallace v. Wallace*,[3] this court stated:

". . . The copies of the orders and affidavits were in both instances served by depositing them, postpaid, in the post office at Watertown, addressed to the respondent's attorneys at Jefferson. Whether the copy of the last order and affidavit came to their hands before entry of judgment, does not appear. This however is an immaterial circumstance, since there can be no doubt of the validity of the service, and it is not questioned by them."

This case supports the view of respondent. We find no authority supporting the appellant's contention.

*By the Court.*—Order affirmed.

---

[3] 13 Wis. 250, 252 (*226).