BELOIT CORPORATION, Appellant, v. DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS and another, Respondents.

*No. 289. Argued March 5, 1974.—Decided April 2, 1974.*
(Also reported in 216 N. W. 2d 233.)

For the appellant there were briefs by *Wheeler, Van Sickle, Day & Anderson* and *Norman C. Anderson,* all of Madison, and oral argument by *Norman C. Anderson.*

For the respondent Department of Industry, Labor & Human Relations the cause was argued by *Stephen M. Sobota,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

BEILFUSS, J. The defendant-respondent, the ILHR Department, prior to argument, filed a motion to dismiss for the reason the appeal was not taken within the period of time prescribed by the applicable statute. This motion was denied with leave to reassert the motion at the time of argument.

The judgment of the circuit court confirming the orders of the ILHR Department was signed on November 6, 1972, and entered in the office of the clerk of circuit court on November 7, 1972. On the same day the attorney general, at Madison, mailed a notice of entry of judgment to the attorney for the Beloit Corporation who had his offices in Madison, Wisconsin. A postcard to be used to admit service was sent along with a copy of the notice of entry of judgment. When the postcard acknowledging service was not returned within a week, the attorney general prepared an affidavit of mailing and filed it in the office of the clerk of circuit court. On November 24, 1972, Beloit, through its attorney, signed the admission of service card and returned it by mail to the attorney general. On December 15, 1972, the attorney general received a notice of appeal bearing that date. He refused to admit service.

Sec. 102.25 (1), Stats., provides for an appeal from a judgment of the circuit court which reviews an order of the department in workmen's compensation cases. It provides in part:

"The department, or any party aggrieved by a judgment entered upon the review of any order or award,

may appeal therefrom within 30 days from the date of service by either party upon the other of notice of entry of judgment. . . ."

The appellant, Beloit, contends the service of notice of entry of judgment was not properly made or perfected by mail on November 7, 1972, but was made and perfected on November 24, 1972, by the admission of service signed by appellant's counsel on that day.

Sec. 269.37, Stats., requires that after jurisdiction has been obtained over a party and he thereafter appears by an attorney, service of papers in the action or proceeding shall be made upon the attorney.[1] The use of the word "shall" is mandatory.

Sec. 269.34, Stats., governs service of papers. Sub. (2) of this statute describes what is to be done when personal service is attempted on an attorney and he is not present at his office or residence. Sub. (4)[2] of the statute describes how service can be made by mail. In *IFC Collateral Corp., supra,* this court rejected the appellant's contention that sec. 269.34 requires an attempt at personal service before service by mail can be used.

In *Fontaine v. Milwaukee County Expressway Comm.* (1966), 31 Wis. 2d 275, 143 N. W. 2d 3, this court pointed out the applicability of sec. 269.37, Stats., which requires service on a party's attorney. The statute is part of Title XXV whose scope is limited to civil actions in the circuit court and courts of record having concurrent

---

[1] *IFC Collateral Corp. v. Commercial Units, Inc.* (1969), 43 Wis. 2d 98, 168 N. W. 2d 124.

[2] "(4) Service may be made by mailing such copy where the person making the service and the person on whom it is made reside in different places between which there is a communication by mail. Service by mail is complete upon mailing. The copy of the paper to be served must be properly enclosed in a postpaid envelope and must be addressed to the person on whom it is to be served at his proper postoffice address. The envelope may bear the sender's name and address and a request to the postal officers for the return thereof in case of nondelivery to the person addressed."

jurisdiction therewith. The wording of sec. 269.37 itself limits the statute's application to parties to "actions or proceedings." We held this referred to judicial actions or proceedings.

In this case Beloit does not and could not now contest the jurisdiction of the circuit court. The appeal which was initiated by Beloit to the circuit court is an "action" and therefore sec. 269.37, Stats., applies. It is so denominated in sec. 102.23, which governs judicial review of findings and orders in workmen's compensation proceedings. The statute says that ". . . any party aggrieved thereby may commence, in the circuit court for Dane county, an action against the department for the review of such order or award, in which *action* the adverse party shall also be made defendant. . . ." (Emphasis supplied.)

Therefore, since Beloit had appeared by its attorney in a judicial action, sec. 269.37, Stats., authorized service of papers in the action upon that attorney.

Even without the statutory authorization of sec. 269.37, Stats., Beloit cannot overcome the presumption that the attorney who represented it in the proceedings was authorized by Beloit to accept service for it. In the *Fontaine Case,* the court, after determining that sec. 269.37 did not apply, still determined that the lower court was incorrect and that service on the party's attorney was sufficient to confer personal jurisdiction over the party. The court held that the existence of prior representation can be a factor in determining whether an agency has been created which enables the party's attorney to accept process under sec. 262.06 (1) (d). The court stated, at page 279, that:

"When an attorney-at-law formally acknowledges the receipt of a document as an attorney on behalf of a client, it may be presumed (in the absence of contradiction) that he was authorized by the client to accept it . . . The fact that the attorneys had represented Mrs. Fontaine in

the administrative hearing previously held by the condemnation commission lends additional support to the *prima facie* case of agency which arose from the written acknowledgment of counsel on the process papers."

So in this case. The attorney represented Beloit in the circuit court proceedings. He finally returned the admission of service card with his signature on November 24, 1972. And he is representing Beloit on this appeal. In the absence of contrary proof this is sufficient to establish an agency so as to allow service on the attorney under sec. 262.06 (1) (d), Stats.[3]

Was service of the notice of entry of judgment by mail on the attorney for Beloit permissible under sec. 269.34, Stats.?

In *Kohnke v. ILHR Department* (1971), 52 Wis. 2d 687, 690, 191 N. W. 2d 1, this court stated:

"To dismiss an appeal because it comes one day late may seem harsh. However, if statutory time limits to obtain appellate jurisdiction are to be meaningful they must be unbending."

If service was properly had by mail, the notice of appeal of Beloit was not timely. Beloit had thirty days within which to appeal after notice of entry of judgment was served.[4] The attorney general acknowledges that Beloit obtained an additional five days in which to appeal because service of the notice was by mail.[5]

Sec. 269.34 (4), Stats., provides that service by mail is complete upon mailing. Therefore, service was had on November 7, 1972, if it was proper. The time at which the postcard provided for admission of service is signed and returned has no effect on the date of service. It is

---

[3] *See also: Emerson v. McDonell* (1908), 137 Wis. 263, 118 N. W. 814; *Hooker v. Hooker* (1959), 8 Wis. 2d 331, 99 N. W. 2d 113.

[4] Sec. 102.25 (1), Stats.

[5] Sec. 269.36, Stats.; *Chequamegon Telephone Cooperative v. ILHR Dept.* (1972), 55 Wis. 2d 507, 200 N. W. 2d 441.

merely sent as a convenient way to prove service. In this case, when the card was not returned the attorney general prepared an affidavit of mailing to prove that service was made. This court clearly stated in *Chequamegon Telephone Cooperative, supra,* that the time period in which notice of appeal must be filed is calculated from the date of service and not from the date of admission of service. The statement was made to clarify the impression given in the *Kohnke Case* that the thirty-five-day period was calculated from the date of the return of the admission of service card.

The latest day on which notice of appeal could have been served was December 12, 1972. This is thirty-five days from the mailing of the notice of entry of judgment, using the counting system of sec. 990.001 (4) (a), Stats. The notice of appeal served by Beloit was three days too late.

The question remains whether service by mail may be made upon an attorney whose office is in the same municipal subdivision as the person making the service. If it cannot be done, then the period in which service of notice of appeal had to be made would have to be calculated from the date on which Beloit, through its attorney, acknowledged service. Since this date was November 24, 1972, service of notice of appeal on December 15, 1972, would have been timely.

The respondent-department asserts that this issue has already been settled by this court. In *Estate of Callahan* (1947), 251 Wis. 247, 253, 29 N. W. 2d 352, this court, in discussing sec. 269.34 (4), Stats., stated that: ". . . There is no requirement that such places of residence be in different municipal subdivisions. . . ." This construction clearly supports the department's position that service of notice was untimely. The court in *Callahan* gave the statute a liberal interpretation to preserve an

appeal since service by mail in that case extended the time for service of a bill of exceptions.

The appellant attempts to discredit this case as authority by claiming that the statement above was merely dictum. The issue was whether service of a bill of exceptions was timely. The attorney had admitted "due service" of the notice of entry of judgment. The court held this was not an admission of personal service and allowed proof that service was by mail which doubled the period in which an appeal could be taken. In a sense the discussion of sec. 269.34, Stats., and the statement that service by mail was permissible even if the parties reside in the same municipal subdivision were not necessary to the decision. Neither party seemed to argue that the service by mail was invalid. However, the discussion of sec. 269.34 was certainly germane to the issue even if not decisive and is therefore not dictum. *Will of Wehr* (1945), 247 Wis. 98, 108, 18 N. W. 2d 709.

Even if the statement was dicta, this would not require a repudiation of the statement. In *State ex rel. Ekern v. Dammann* (1934), 215 Wis. 394, 254 N. W. 759, this court indicated that a statement which is dictum is not binding on the court and minimizes the contention that the statement called the attention of the legislature to the statute and that the legislature by failing to so amend as to make the statute clear adopted the interpretation of the court.

However, in this case the contention of legislative adoption of the interpretation is valid. In 31 West's, *Wisconsin Statutes Annotated,* p. 450, the interpretive commentary cites the *Estate of Callahan, supra,* as authority that mailing does not require residence in different municipal subdivisions. 2 Callaghan's, *Wisconsin Pleading and Practice* (3d ed.), p. 247, sec. 17.06, also cites this case in its explanation of sec. 269.34, Stats. Thus this case has been given publicity in sources where

the legal profession would look for authoritative interpretation of statutes. This indicates that the legislature was also aware of the statement made in the *Callahan Case*. It would also tend to show that the legal profession has relied upon this interpretation of the meaning of sec. 269.34. In *Netherton v. Frank Holton & Co.* (1926), 189 Wis. 461, 205 N. W. 388, 206 N. W. 919, 207 N. W. 953, this court declined to adopt the most logical and literal interpretation of what "entry of judgment" meant because of the practical construction, acquiescence and understanding long entertained by the legal profession as to the meaning of the statute. The court felt that such fact was of importance in interpretations. In the present case the reliance factor is even stronger because practice has been based on a case decision.

Thus, although the appellant persuasively argues that the plain and ordinary meaning of "different places" in the statute would be different municipal units and cites a case, *Federal Land Bank v. Hawe* (1937), 57 Idaho 624, 67 Pac. 2d 283, from another jurisdiction which has so construed a statute similar to ours, the reliance of the legal profession and probable acquiescence of the legislature in the interpretation of our statute is sufficient to persuade us to adhere to our former interpretation even though if the question were of first impression a different result might be reached.

The service of the notice of appeal was three days late. This court could not at that date acquire jurisdiction. The motion by the respondent-department to dismiss for want of jurisdiction should be and is hereby granted.

Because we conclude this court lacks jurisdiction, the issues on the merits will not be discussed.

*By the Court.*—Appeal dismissed.