GENERAL HOMES, INC., Respondent, v. TOWER INSURANCE COMPANY, Appellant: KLIEBHAN INSURANCE AGENCY, INC., Defendant.

*No. 334. Submitted under sec. (Rule) 251.54 February 5, 1975.—Decided March 4, 1975.*
(Also reported in 226 N. W. 2d 394.)

For the appellant the cause was submitted on the brief of *Robert W. Wolfe* and *Wolfe, O'Leary, Kenney & Wolfe,* all of Milwaukee; and for the respondent the cause was submitted on the brief of *Patrick T. Sheedy* of Milwaukee.

WILKIE, C. J. This is an appeal in an action by the plaintiff-respondent, General Homes, Inc., a home build-

er, to recover upon an all risk scheduled property floater insurance policy for losses suffered due to fire damage to model home furniture. The sole issue on appeal is whether the action is barred because not commenced within the twelve-month period of limitation running from the date of discovery of loss. We conclude that the action is not barred and we therefore affirm the trial court's order denying summary judgment to the insurer, the defendant-appellant, Tower Insurance Company, Inc. The Kliebhan Insurance Agency, Inc., another defendant, is not a party to this appeal.

The central issue on the merits in this lawsuit is whether plaintiff gave proper notice that the furniture, destroyed in the fire, had been moved from its original location specified in the insurance policy.

Here, however, the sole issue before us is whether the action was commenced before December 30, 1972, within one year after the fire loss on December 30, 1971.

The parties are in disagreement as to the handling of the plaintiff's claim and the proof of loss. In any event, Frank J. Fry, president of plaintiff, General Homes, Inc., signed the original complaint here on December 23, 1972. There is an affidavit of the plaintiff's attorney which states, in part: "That summons and complaint were mailed to sheriff before December 30, 1972." This fact is not disputed by defendant, although no precise date of mailing is specified anywhere in the record. The affidavit of plaintiff's attorney also states that the sheriff received the summons and complaint on January 3, 1973, "due to slowness of mail and the strike in Milwaukee County of County Employees." The summons and complaint were actually served in person upon the claims manager of the defendant insurer on January 5th.

The sole issue here is whether the mailing of the summons and complaint to the Milwaukee county sheriff's office with intent that they be served upon defendant was accomplished within the period of one year after the date

of loss, December 30, 1971, and, if so, whether that mailing, as a matter of law, constitutes the proper commencement of a suit, action or proceeding "for the recovery of any claim" under the insurance policy covering this loss. The applicable provision of the insurance policy provides, in part:

"**11. Suit.** No suit, action or proceeding for the recovery of any claim under this policy shall be sustainable in any court of law or equity unless the same be commenced within twelve (12) months next after discovery by the Insured of the occurrence which gives rise to the claim . . . ."

This provision is virtually identical to the limitation prescribed in lines 157–161 of the "Standard Policy" of fire insurance annexed to sec. 203.01, Stats., and made mandatory by sec. 203.06.[1]

Sec. 893.40, Stats., provides, in part:

"**Attempt to commence action.** An attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of any provision of law which limits the time for the commencement of an action, when the summons is delivered, with the intent that it shall be actually served, to the sheriff or other proper officer of the county in which the defendants or one of them usually or last resided; or if a corporation organized under the laws of this state be defendant to the sheriff or the proper officer of the county in which it was established by law, or where its general business is transacted, or where it keeps an office for the transaction of business, or wherein any officer, attorney, agent or

---

[1] Lines 157–161 of the Standard Policy provide:

"**Suit.** No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next *after inception of the loss.*" (Emphasis supplied.)

Sec. 203.06 (1), Stats., permits variations from the Standard Policy if they are "in accord substantially with such standard policy."

other person upon whom the summons may by law be served resides or has his office; . . ."

Delivery is nowhere defined in the statute. However, the legal effect of mailing papers is treated in sec. 269.34 (4), which provides:

"(4) Service may be made by mailing such copy where the person making the service and the person on whom it is made reside in different places between which there is a communication by mail. *Service by mail is complete upon mailing.* The copy of the paper to be served must be properly enclosed in a postpaid envelope and must be addressed to the person on whom it is to be served at his proper post-office address. The envelope may bear the sender's name and address and a request to the postal officers for the return thereof in case of nondelivery to the person addressed." (Emphasis supplied.) [2]

Although this provision pertains to actual service of papers in a lawsuit and may not be technically applicable to mailing of a summons and complaint to a sheriff, the provision does represent a legislative policy judgment concerning the certainty of delivery following mailing. We therefore hold that the act of mailing is equivalent to delivery within the meaning of sec. 893.40, and since accomplished prior to December 30th, constituted commencement of an action within the twelve-month period of limitation contained in the insurance policy. There is no question here that the plaintiff mailed the summons "with the intent that it shall be actually served."

[2] In *IFC Collateral Corp. v. Commercial Units, Inc.* (1969), 43 Wis. 2d 98, 168 N. W. 2d 124, the court held that a party need not make a prior attempt at personal service before utilizing this provision. In *Beloit Corp. v. ILHR Department* (1974), 63 Wis. 2d 23, 216 N. W. 2d 233, the court held that service by mail under this provision was permissible even where the parties reside within the same city. The court also held that the emphasized language means that the date of mailing is controlling, rather than the date of acknowledgment of receipt.

Sec. 269.39, Stats., provides:

"**Applicability of service provisions.** The provisions of ss. 269.34, 269.37 and 269.38 shall not apply to the service of a summons or other process, or of any paper to bring a party into contempt."

This statute is not fatal, however, to the plaintiff's action here because the mailing of the summons and complaint to the sheriff was not intended to be actual service of a summons or other process, but rather mere delivery of the papers so that personal service might be accomplished. Furthermore, the address of the Milwaukee county sheriff is easily ascertainable and there is no doubt that an appropriately addressed letter would arrive at that destination. There is no reason, therefore, to require personal delivery, comparable to personal service, the preferential method of commencing a civil action under sec. 262.06 (5), Stats.[3]

We conclude that plaintiff's action in mailing the summons and complaint to the sheriff before December 30, 1972, was sufficient to constitute an attempt to commence an action under sec. 893.40, Stats., and therefore the action was timely commenced within the period-of-limitation provision of the insurance policy.

*By the Court.*—Order affirmed.

[3] *Cf.* Conway, *Wisconsin and Federal Civil Procedure*, pp. 22–6, 22–7, sec. 22.10. Professor Conway suggests the reason for the personal service requirement for commencing civil actions:

"**Service by mail.** If it is remembered that the purpose of process is to give the defendant notice of the pendency of the action and an opportunity to defend, it is obvious that, for that part of the population which is settled and has a permanent address, mail service is as well calculated to give notice as the handing of the summons to the defendant by a process server. On the other hand, people who move frequently or live in places where mail for a number of inhabitants is left in one place (e.g., a table in a rooming house) may not receive mail addressed to them.

"The matter is one of legislative policy. There is no constitutional impediment to the use of mail for service of process. . . ."