### STATE ex rel. PFEIFFER VS. TAYLOR, Judge &c.

A circuit judge at chambers has power to make an order for a stay of proceedings under a previous order appointing a receiver &c., made by the circuit court.

*Mandamus* will not lie to compel a circuit judge to vacate an order. That writ cannot be made to perform the office of an appeal or writ of error.

APPLICATION for a *Mandamus.*

*By the Court,* DOWNER, J. This is an application for a rule to show cause why a writ of *mandamus* should not issue to the judge of the fourth judicial circuit, commanding him to vacate an order made by him at chambers in the case of *Pfeiffer against The Fond du Lac Rail Road Company,* staying proceedings under a previous order made in the same case by the circuit court of Sheboygan county appointing a receiver of the property of

the railroad corporation. Due notice of the motion to stay pro-
ceedings was given. The defendant had previously appealed
from the order appointing a receiver, to this court, and given
the usual undertaking to pay costs and damages; and was re-
quired as a condition of a stay of proceedings to give another
bond or undertaking to pay the judgment mentioned in the or-
der appealed from. The circuit judge clearly had the power to
make the order to stay proceedings, at chambers. Sec. 29, ch.
140, R. S.; Laws of 1860, ch. 264, sec. 18. Nor has he in any
way abused the power given to him, but has amply protected
the judgment creditor against loss by requiring ample security
to pay the judgment if the order appealed from shall be affirmed.
But if the order staying proceedings had been wrongly or erro-
neously made, the remedy is not by *mandamus*. That writ
cannot be made to perform the office or take the place of a writ
of error or appeal.

The motion is denied.