STATE, Plaintiff in error, v. NEUTZ, a/k/a Meeks, Defendant in error.

*No. State 20.  Submitted under sec. (Rule) 251.54 April 10, 1975.— Decided June 30, 1975.*
(Also reported in 230 N. W. 2d 806.)

For the plaintiff in error the cause was submitted on the briefs of *Robert W. Warren,* attorney general, and *William A. Platz,* assistant attorney general.

For the defendant in error the cause was submitted on the brief of *Howard B. Eisenberg,* state public defender, and *Ruth S. Downs,* assistant state public defender.

ROBERT W. HANSEN, J. The writ of error in this case was issued to review an order of the trial court dismissing a criminal information in violation of sec. 946.42 (3) (d), Stats. The order was entered before jeopardy attached.

The action against this defendant was commenced by filing a complaint which alleged that the defendant, having been committed to Central State Hospital's sex deviate facility, following his conviction for the crime of rape, and while in custody of said hospital, "did feloniously, intentionally escape from custody" contrary to sec. 946.42 (3) (d), Stats. The information contained substantially the same recitation, except that it also alleged: "The maximum penalty for this offense is imprisonment of 5 years consecutive, contrary to Section 946.42 (3) (a)."

The defendant moved to dismiss on the ground that Central State Hospital was not a prison or institution, and that the information did not allege a crime known to the law. On the first point raised, the prosecutor correctly pointed out to the trial court that a commitment to the department of health & social services pursuant to ch. 975, Stats., was a commitment included and subject to the criminal penalty for escape provided by sec. 946.42 (3) (d). The trial court responded:

*"The Court:* All right, I am still going to sustain the motion for another reason. Central State Hospital has never under any circumstances met the conditions that

require recompensating Dodge county for any of their alleged escapes and based upon that and the facts counsel stated, this court is going to dismiss the case."

For cosmetic reasons, we begin by removing the obvious wart on the face of this record. Whether or not the state department does or does not owe moneys to Dodge county for expenses involved in earlier cases, and we elect not to enter that controversy, the trial court could not consider any such debt owed as a ground for granting the defendant's motion to dismiss the criminal charge pending against him. With such extraneous excrescence removed, we will proceed to review issues of law raised as to the order of dismissal entered by the trial court.

Three questions are asked on and by this writ of error. If any one of them is answered affirmatively, the trial court must be sustained. The questions will be asked and answered in the order raised.

*Q.* Should the complaint have been dismissed because of the incorrect statute number in the information?
*A.* No.

The complaint had the proper statute number: sec. 946.42 (3) (d). In a reference to the maximum penalty possible, the information had an incorrect statute number: sec. 946.42 (3) (a). Obviously, this was a typographical error. The applicable state statute, sec. 971.31 (8), provides: "No complaint indictment, information, process, return or other proceeding shall be dismissed or reversed for any error or mistake where the case and the identity of the defendant may be readily understood by the court; and the court may order an amendment curing such defects." Here the case and identity of the defendant were readily understood by the court. There is no claim or showing that they were not. The appropriate judicial response to the error in the information was for the trial court here to order an

amendment curing the defect when it was called to the court's attention.

*Q.* Does sec. 946.42 (3) (d), Stats., deny equal protection of the law?
*A.* No.

Defendant's counsel on appeal argues that sec. 946.42 (3) (d), Stats., is unconstitutional because it denies equal protection of the law to those defendants committed to the department of health & social services under the Sex Crimes Law (ch. 975). The reasoning is that an unreasonable discrimination or difference in consequence arises because persons committed to a hospital under a civil commitment (sec. 51.05) are not subject to the same penalty for escape, even though they have a need for specialized care and treatment as do defendants committed under ch. 975. The short answer is that there is a rational and reasonable basis for the difference as to the consequences of an escape. Commitment under ch. 975 can only be made after the person committed is convicted of a crime which meets the criteria of secs. 975.01 or 975.02, and where the department of health and social services recommends the commitment (sec. 975.06). Thus there is a rational basis for punishing escapees from criminal commitment under ch. 975, while not similarly punishing those who escape from civil commitment. Commitment under ch. 975 is an alternative disposition, less onerous than incarceration but more severe than probation. There is an obvious sound public purpose served in making as certain as possible that defendants committed for specialized treatment under the Sex Crimes Law are discouraged from escaping or attempting to escape before the mandated specialized treatment has promoted their full recovery and made possible their return to society with safety to themselves and others. The statute challenged, sec. 946.42 (3) (d), does not, we hold, deny

equal protection to those defendants committed under the Sex Crimes Law.

*Q.* Was the trial court entitled to dismiss the information on the ground of public policy?
*A.* No.

Under the wrappings, the argument that a trial court may, in appropriate situations, dismiss an information or complaint on the ground of public policy turns out to be no more than the argument that the trial court here was entitled to dismiss this information because of its conclusion that the state of Wisconsin had an obligation to reimburse Dodge county for expenses involved in apprehending escapees, and that the state had not fulfilled such obligation. What we termed a wart earlier in this opinion we do not accept as a sound reason for dismissal now. If the state has an obligation for the expenses to which the trial court refers, it arises under sec. 16.51 (7), Stats., and there is a remedy for enforcing such claim if the claim is improperly denied. (*See: Trempealeau County v. State* (1952), 260 Wis. 602, 51 N. W. 2d 499.) Dismissing a criminal information for escape in a subsequent case is not the remedy provided or available. Where the state legislature has designated an act to be criminal and has provided a penalty for violation of an act thus criminalized, the public policy of the state as to the crime established has been determined, and judicial authority does not extend to dismissing a criminal case because certain bills allegedly owed by the state to a county have not been paid.

Answering the three questions asked, each and all in the negative, we reverse and remand the case for further proceedings consistent with this opinion.

*By the Court.*—Order reversed and cause remanded for further proceedings.