STATE, Plaintiff in error, v. NEUTZ, a/k/a HENRY MEEKS, Defendant in error.

*No. 75-343-CR. Argued June 4, 1976.—Decided June 30, 1976.*
(Also reported in 243 N. W. 2d 506.)

For the plaintiff in error there was a brief by *Bronson C. La Follette,* attorney general, and *William A. Platz,* assistant attorney general, and oral argument by *Edward S. Marion,* assistant attorney general.

For the defendant in error there was a brief by *Howard B. Eisenberg*, state public defender, and *Ruth S. Downs*, assistant state public defender, and oral argument by *Ruth S. Downs*.

DAY, J. The judgment to be reviewed was entered on the remand of *State v. Neutz* (1975), 69 Wis. 2d 292, 230 N. W. 2d 806, in which this court reversed the trial court's dismissal of a criminal information charging the defendant, Henry Neutz, with escaping from the Central State Hospital in violation of sec. 946.42 (3) (d), Stats., where he was in custody for an indeterminate period under the sex crimes law, sec. 975.06. The decision in that case was delivered on June 30, 1975. The record and remittitur were sent from this court to the trial court on July 24, 1975.

On July 9, 1975, without remittitur or record, the trial court took up this case. Erroneously assuming that the defendant had previously pled guilty to escape, the court (with the assent of counsel for both sides) sentenced Neutz to three months in the county jail, sentence to be stayed and Neutz placed on probation for one year conditioned on Neutz' confinement in the Central State Hospital for a period not exceeding three months. In the judgment of conviction, the trial court also ordered the state to reimburse Dodge county for "all costs in this matter," pursuant to sec. 16.51 (7), Stats.[1]

---

[1] "16.51 Department of administration; preauditing and accounting; additional duties and powers. The department of administration in the discharge of preauditing and accounting functions shall:

". . .

"(7) AUDIT CLAIMS FOR EXPENSES IN CONNECTION WITH PRISONERS. Receive, examine, determine and audit claims, duly certified and approved by the department of health and social services, from the county clerk of any county in behalf of such county,

■ Although the parties raise several issues here, there is one dispositive fact: the trial court lacked jurisdiction to enter judgment prior to receiving the remittitur and the record from this court. This has been the general rule at least since *Trowbridge v. Sickler* (1880), 48 Wis. 424, 428, 4 N. W. 563, where this court said, ". . . the circuit court can take cognizance of the cause only upon a remittitur of the record filed in that court." *See also: Packard v. Backus* (1892), 83 Wis. 213, 53 N. W. 450, and *Ott v. Boring* (1907), 131 Wis. 472, 110 N. W. 824, and in the statutes that now govern appellate procedure.[2] Limited exceptions to this rule, not ap-

which are presented for payment to reimburse such county for certain expenses incurred or paid by it in reference to all matters growing out of actions and proceedings involving prisoners in state prisons, as defined in s. 53.01, including such prisoners transferred to central state hospital for observation or treatment, when such proceedings are commenced in counties in which such prisons are located by a district attorney or by the prisoner as a post conviction remedy or a matter involving his status as a prisoner. Expenses shall only include such amounts as were necessarily incurred and actually paid and shall be no more than the legitimate cost would be to any other county had the offense or crime occurred therein."

[2] "274.35 Reversal, affirmance or modification of judgment; how remitted, clerk's fees. (1) Upon an appeal from a judgment or order or upon a writ of error the supreme court may reverse, affirm or modify the judgment or order, and as to any or all of the parties; and may order a new trial; and if the appeal is from a part of a judgment or order may reverse, affirm or modify as to the part appealed from. In all cases the supreme court shall remit its judgment or decision to the court below and thereupon the court below shall proceed in accordance therewith.

"(2) The clerk of the supreme court shall remit to such court the papers transmitted to the supreme court on the appeal or writ of error, together with the judgment or decision of the supreme court thereon, within sixty days after the same is made, unless there is a motion for a rehearing. In case a motion for a rehearing is denied the papers shall be transmitted within twenty days after such denial."

plicable here, have been recognized where the supreme court has failed to remit the record within the 60-day statutory period, sec. 274.35 (2), Stats., and where the record and order of the supreme court are remitted without a formal remittitur. *Murphy v. State* (1907), 131 Wis. 420, 423, 111 N. W. 511; *Brucker v. State* (1865), 19 Wis. 566 (*539) ; *see also: Bassett v. Chicago & N. W. R. Co.* (1919), 168 Wis. 617, 626, 171 N. W. 749; *Tomberlin v. Chicago, St. P., M. & O. R. Co.* (1932), 208 Wis. 30, 38, 242 N. W. 677. These cases make it clear that jurisdiction as between appellate and trial courts is regulated by statute.

■ In the present case, the trial court attempted to proceed without remittitur or record, even before the lapse of the statutory period of 20 days during which a petition for rehearing in the supreme court could have been filed. Under the statutes and the rule of *Trowbridge*, jurisdiction over the case remained in this court, and the trial court had no jurisdiction to enter judgment because the case was still within the appellate jurisdiction of this court.

Although we do not reach the merits of this case, we would reiterate the holding in our previous decision in

---

"274.36 **Further proceedings in trial court.** When the record and remittitur are received in the trial court:

"(1) If the trial judge is ordered to take specific action, he shall do so as soon as possible.

"(2) If a new trial is ordered, the clerk of the trial court, upon receipt of the remitted record, shall place the matter on the trial calendar.

"(3) If action or proceedings other than those mentioned in subs. (1) or (2) is ordered, any party may, within one year after receipt of the remitted record by the clerk of the trial court, make appropriate motion for further proceedings. If further proceedings are not so initiated, the action shall be dismissed except that an extension of the one-year period may be granted, on notice, by the trial court, if the order for extension is entered during the one-year period."

this case, 69 Wis. 2d at 296, that Dodge county's claim against the state under sec. 16.51 (7), Stats., is properly a separate action from any possible judgment of conviction and sentencing of Mr. Neutz.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings.