STATE, Plaintiff in error, v. HUNGERFORD, Defendant in error.

*No. 75–338–CR.  Submitted on briefs February 2, 1977.—*
*Decided March 1, 1977.*
(Also reported in 251 N. W. 2d 9.)

For the plaintiff in error the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *William A. Platz,* assistant attorney general.

For the defendant in error the cause was submitted on the brief of *Howard B. Eisenberg,* state public defender.

BEILFUSS, C. J.   In 1971 the defendant Hungerford had been convicted of indecent behavior with a child (sec. 944.11(3), Stats.) in Milwaukee county. He was not sentenced but committed to Central State Hospital pursuant to the Sex Crimes Law, sec. 975.06. On May 27, 1974, he escaped from Central State but was apprehended and returned to the hospital shortly thereafter.

He is still in the custody of the State Department of Health & Social Services and his commitment under the Sex Crimes Law is unaffected by this appeal.

On June 13, 1974, in the county court of Dodge county, he pled guilty to escape. In imposing the sentence the trial court stated:

"I am going to dispose of this; you are hereby sentenced, Mr. Hungerford, to the Wisconsin . . . State Prisons at hard labor for an indeterminate term of not more than one year, but such sentence is to run although consecutive, it will begin as of today, because there is no determined ending of any sentence that may have been proposed or imposed by the Milwaukee County Court. And the Wisconsin State Prison at Waupun is designated as the reception center to which you shall be delivered." [1]

---

[1] " 'IT IS ADJUDGED that the defendant is convicted as found guilty, and is hereby committed to the Wisconsin State Prisons for an indeterminate term of not more than *1* year—to run consecutive, although there is no determined end of sentence set by Milwaukee County, Circuit Court, Branch 4, Wisconsin, *this sentence to begin as of today.* The WISCONSIN STATE PRISON at WAUPUN, WISCONSIN, is designated as the Reception Center to which the defendant shall be delivered by the Sheriff.'
"WISCONSIN STATE PRISON TO DELIVER DEFENDANT TO CENTRAL STATE HOSPITAL.

Hungerford was sent directly back to Central State Hospital, a maximum security-type institution. The superintendent, Dr. Edward F. Schubert, was confused by this sentence and contacted the Attorney General for advice. An assistant attorney general advised Dr. Schubert that "[t]he language in the sentence, 'this sentence to begin as of today,' is inconsistent with both the sentence itself which is prescribed to be 'consecutive,' and sec. 946.42 (4), Wis. Stats., and must be regarded as surplusage." The trial judge, however, was of the opinion that the sentence was completed on June 13, 1975.

Because of the dispute over whether the sentence was to be consecutive or had already been served, on July 25, 1975 the trial judge granted a motion to amend sentence, and amended the sentence to provide for one week probation to be served consecutive to Hungerford's sex crime commitment. The state obtained this writ of error to review the order amending sentence.

Underlying the trial court's original "consecutive" sentence, the interpretation of that sentence by the assistant attorney general, and the amendment of the sentence, was a belief that sec. 946.42(4), Stats., required a sentence that was consecutive to the commitment under the Sex Crimes Law. Sec. 946.42(4) reads as follows:

"Sentences imposed under this section shall be consecutive to any sentence previously imposed or which may be imposed for any crime or offense for which the person was in custody when he escaped."

The initial question is whether a sentence for the crime of escape must be consecutive to a commitment pursuant to sec. 975.06, Stats. In *State v. Franklin,* 49 Wis.2d 484, 488, 182 N.W.2d 289 (1971), the court stated the trial

---

"IT IS ORDERED that the Sheriff shall forthwith execute this judgment upon receipt of a duplicate original hereof, which he shall deliver to the Warden.

"Dated *June 13, 1974*"

judge correctly interpreted sec. 946.42(4) "to require consecutive sentencing for an escape violation." Therefore, there is no question that a sentence for escape must be consecutive to any sentence previously imposed. However, in this case no sentence was previously imposed. The defendant was committed pursuant to sec. 975.06. This commitment is "so essentially different from penal sentencing as to amount to an independent proceeding. . . ." *Huebner v. State,* 33 Wis.2d 505, 526, 147 N.W. 2d 646 (1967). Commitment is an alternative disposition to sentencing.[2] Commitment proceedings pursuant to ch. 975 constitute neither civil commitment nor sentencing.[3] Sentence "means the judgment of a court by which the court imposes the punishment or penalty provided by the statute for the offense upon the person found guilty." *Prue v. State,* 63 Wis.2d 109, 115–16, 216 N.W.2d 43 (1974).

Sec. 946.42(4), Stats., merely states that sentences imposed for an escape must be consecutive to any sentence previously imposed. Because an individual committed pursuant to ch. 975 has not been sentenced, a sentence for an escape which took place while the individual was committed need not be served consecutive to the commitment. This is not to say that such a sentence could not be consecutive to the commitment; it is only a recognition that the statute does *not* mandate that sentences imposed under this section shall be consecutive to any sentence or *commitment* previously imposed.

The second portion of sec. 946.42(4), Stats., provides that sentences imposed for an escape shall be consecutive to any sentence "which may be imposed for any crime or offense for which the person was in custody when he escaped." This portion of the statute is inap-

---

[2] *State v. Neutz,* 69 Wis.2d 292, 295, 230 N.W.2d 806 (1975).

[3] *State ex rel. Farrell v. Stovall,* 59 Wis.2d 148, 167, 207 N.W.2d 809 (1973), quoting *Hill v. Burke,* 289 F. Supp. 921, 927 (D. C. Wis. 1968), *aff'd,* 422 F.2d 1195 (7th Cir. 1970).

plicable to this case. Once an individual is committed pursuant to ch. 975 there is no sentence "which may be imposed." The commitment is an alternative disposition to sentencing.[4]

Because Hungerford was not previously sentenced, sec. 946.42(4), Stats., did not require that the sentence imposed be consecutive. In sentencing Hungerford, the trial court intended the one-year sentence to begin running June 13, 1974. While the statement made by the trial judge at the time of sentencing was ambiguous, his intent was clear and the sentence for escape had been served when the motion for amendment was made.[5]

In the trial judge's letter of July 14, 1975, to a legal intern assisting Hungerford in his motion to amend, he stated in part:

"This Court is of the opinion that its sentence could not be more explicit than 'it will begin as of today, because there is no determined ending of any sentence that may have been proposed by the Milwaukee County Court,' and that pronouncement was made on June 13, 1975, thus service of the sentence would be complete."

While the argument can be made that the legislature intended that persons who escape from custody while under a commitment pursuant to ch. 975, Stats., should be sentenced consecutively to the commitment, the language of the statute[6] is plain and unambiguous. Hunger-

---

[4] *State v. Neutz, supra* at 295, 230 N.W.2d at 808.

[5] Even though Hungerford remained at Central State Hospital at all times, he did serve his sentence there.

"975.06 *Commitment to the department.* . . . (6) Persons committed under this section who are also encumbered with other sentences, whether concurrent with or consecutive to the commitment, shall be received or remain at the sex crimes facility designated by the department. Such facilities may be regarded as state prisons for the purpose of beginning the sentences, crediting time served on them, and computing parole eligibility dates."

[6] "946.42 *Escape.* . . . (4) Sentences imposed under this section shall be consecutive to any sentence previously imposed or which

ford had not been sentenced nor could a sentence be imposed under the sex deviate commitment.

The state argues that consideration of the motion for modification of sentence and the subsequent modification were improper. A motion to modify a sentence must be made within 90 days of sentence,[7] but a failure to do so is not jurisdictional and new factors will allow granting the motion after the 90 days have expired.[8] If compelling circumstances for not bringing the motion within 90 days exist, the motion to modify sentence should be granted.[9] There were no new factors which would justify a modification of sentence, but the misunderstanding over when the sentence for escape commenced was a circumstance which could permit clarification by the trial court. "[A] court has the power to correct formal or clerical errors or an illegal sentence . . . at any time." *Hayes v. State,* 46 Wis.2d 93, 101–02, 175 N.W.2d 625 (1970). "[S]ound public policy favors the exercise by a trial court of its power to amend, modify, and *correct* a judgment of sentencing. . . ." Id. at 102, 175 N.W.2d at 630. (Emphasis supplied.) The court was entitled to clarify or correct its original sentence, but, as both parties agree, the imposition of one week's probation to be served consecutive to the ch. 975 commitment was contrary to sec. 973.09 (2)(b), Stats.,[10] and the order is void.

may be imposed for any crime or offense for which the person was in custody when he escaped."

[7] *Hall v. State,* 66 Wis.2d 630, 634, 225 N.W.2d 493 (1975).

[8] *Kutchera v. State,* 69 Wis.2d 534, 552–53, 230 N.W.2d 750 (1975).

[9] *Gaddis v. State,* 63 Wis.2d 120, 129, 216 N.W.2d 527 (1974).

[10] "Sec. 973.09 *Probation.* . . .

"(2) The original term of probation shall be:

". . .

"(b) For felonies, not less than one year nor more than either the statutory maximum term of imprisonment for the crime or 3 years, whichever is greater."

Prior to argument in this case the defendant moved to dismiss the writ of error because the issues were moot. We denied that motion; however it should be reconsidered. We conclude that Hungerford's sentence for escape commenced on June 13, 1974. This sentence was completed on June 13, 1975. The order of July 25, 1975, amending the sentence could not affect the sentence imposed because it had been fully served.

The issues were moot.

*By the Court.*—Writ dismissed.