EICHMANN, Plaintiff in error, v. STATE, Defendant in error.

Supreme Court

*No. 77-331-CR. Submitted on briefs November 7, 1979.— Decided January 7, 1980.*
(Also reported in 286 N.W.2d 823.)

For the plaintiff in error the cause was submitted on the brief of *William Lundstrom,* Legal Assistance in Inmates Program, Madison.

For the defendant in error the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *David J. Becker,* assistant attorney general.

DAY, J.   This case is controlled by our holding in *Donaldson v. State*, 93 Wis.2d 306, 286 N.W.2d 817 (1980). The plaintiff in error (hereinafter the defendant), Kim Eichmann, seeks review of an order denying his motion for postconviction relief brought pursuant to sec. 974.06, Stats.   He challenges that part of an attempted armed robbery sentence ordered to run consecutively to earlier imposed sentences for burglary and escape.   He was serving the burglary sentence at the time of his escape from his place of incarceration and was sentenced in another county for such escape two weeks prior to the armed robbery sentence.

The issue presented for review is whether the trial court had the authority to order the attempted armed robbery sentence consecutive to either the burglary or the escape sentence.

We conclude that it did not and accordingly modify the sentence imposed.

The defendant escaped from the Kettle Moraine Correctional Institution in Sheboygan county on July 7, 1975, where he was serving a sentence for burglary.   He was arrested on August 21, 1976, for the attempted armed robbery of a gas station in Fond du Lac county the day before.

He entered a plea of guilty to a charge of escape in the County Court of Sheboygan county before the Honorable John G. Buchen, County Judge.   He was sentenced to three and one-half years imprisonment at the Wisconsin State Reformatory at Green Bay.   The sentence was ordered to run consecutively to the earlier burglary sentence.

The defendant was then transferred back to Fond du Lac county where he pleaded guilty to the attempted armed robbery charge.   He was sentenced to two years in Green Bay which was ordered to "run consecutive with any other time the defendant may have to serve as a

result of past sentences." When the sentence for the attempted armed robbery was imposed, the defendant had not been transferred to the Wisconsin State Reformatory at Green Bay to begin serving his sentence.

The defendant does not contest the validity of the escape sentence which was ordered to run consecutively to the remainder of the burglary sentence. Sec. 946.42 (4), Stats. 1975, provides explicitly for consecutive sentencing on escape charges.

The defendant was not serving his underlying burglary sentence when he was sentenced to a consecutive term on the attempted armed robbery conviction. Subsequent to his escape, and at the time he was sentenced in this case, he had not been returned to the prison to recommence serving his underlying burglary sentence, he was not therefore "then serving a sentence" under sec. 973.-15 (1), Stats. 1973.

Likewise, the defendant was not serving his escape sentence, so that the present sentence could not be ordered to run consecutive to the previously imposed escape sentence. *Bruneau v. State*, 77 Wis.2d 166, 252 N.W.2d 347 (1977).

The trial court's authority was limited by this statute and the sentence imposed for the attempted armed robbery could only be imposed concurrently with the prior sentences for burglary and escape.

The order of September 22, 1977, denying postconviction relief for modification of sentence is reversed. The sentencing judgment entered on October 11, 1976, is modified to provide that the two year sentence imposed for attempted armed robbery should be served at the Wisconsin State Reformatory at Green Bay concurrently with the burglary and escape sentences.

*By the Court.*—Order reversed, sentence modified and, as modified, affirmed.