STATE of Wisconsin, Plaintiff-Respondent,

v.

Michael KRUSE, Defendant-Appellant.†

Court of Appeals

*No. 79–552–CR. Submitted on briefs November 12, 1979.—*
*Decided June 16, 1980.*
(Also reported in 295 N.W.2d 21.)

For the defendant-appellant the cause was submitted on the briefs of *William Lundstrom* and *Legal Assistance to Institutionalized Persons Program* of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Edward S. Marion,* assistant attorney general.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

DYKMAN, J. Defendant appeals from a Dane County Circuit Court order which denied his motion to modify his sentence for an escape conviction.

On July 20, 1973, defendant was committed for an indeterminate term to Central State Hospital, sex crimes facility, pursuant to sec. 975.06, Stats., for a conviction of attempted rape. After being transferred to Mendota

† Petition to review granted.

Mental Health Institution on December 18, 1975, defendant escaped on September 17, 1976. On September 30, 1977, he pled guilty to an escape charge and was sentenced to 23 months to be served consecutively to his prior sex crimes commitment.

On March 2, 1979, defendant moved for a modification of the circuit court's sentence asserting that the court lacked authority to impose a sentence to run consecutively to a sex crimes commitment. The court denied the motion but reduced the sentence to 18 months.

On appeal, defendant argues that the circuit court's authority to impose consecutive sentences is limited by sec. 973.15(1), Stats. (1975), and sec. 946.42(4), Stats. (1975), which only apply to sentences and not to commitments under ch. 975, Stats.

Section 973.15(1), Stats. (1975), provided in relevant part:

All sentences to the Wisconsin state prisons shall be for one year or more. Except as otherwise provided in this section, all sentences commence at noon on the day of sentence, but time which elapses after sentence while the defendant is in the county jail or is at large on bail shall not be computed as any part of his term of imprisonment. The court may impose as many sentences as there are convictions and may provide that any such sentence be concurrent or that it shall commence at the expiration of any other sentence; and if the defendant is then serving a sentence, the present sentence may provide that it shall commence at the expiration of the previous sentence.

Section 946.42(4), Stats. (1975), provided:

Sentences imposed under this section shall be consecutive to any sentence previously imposed or which may be imposed for any crime or offense for which the person was in custody when he escaped.

Section 946.42, Stats. (1975), applied to persons in custody pursuant to a commitment to the state depart-

ment of public welfare. Sec. 946.42 (3) (d), Stats. (1975). ·

Defendant contends that a commitment under the sex crimes act is not a "sentence" and thus that these statutes do not authorize the circuit court to impose consecutive sentences on the defendant.

The Wisconsin court distinguished a commitment under the sex crimes act from a penal sentence in *State v. Hungerford*, 76 Wis.2d 171, 176, 251 N.W.2d 9, 10 (1977):

> [I]n this case no sentence was previously imposed. The defendant was committed pursuant to sec. 975.06. This commitment is "so essentially different from penal sentencing as to amount to an independent proceeding. . . ." *Huebner v. State*, 33 Wis.2d 505, 526, 147 N.W.2d 646 (1967). Commitment is an alternative disposition to sentencing. Commitment proceedings pursuant to ch. 975 constitute neither civil commitment nor sentencing. Sentence "means the judgment of a court by which the court imposes the punishment or penalty provided by the statute for the offense upon the person found guilty." *Prue v. State*, 63 Wis.2d 109, 115–16, 216 N.W.2d 43 (1974). (Footnotes omitted.)

The court also stated that "an individual committed pursuant to ch. 975 has not been sentenced." *Hungerford*, 76 Wis.2d at 176, 251 N.W.2d at 11.

The issue before the court in *Hungerford* was whether sec. 946.42 (4), Stats. (1975), precluded a trial court from ordering a sentence for an escape conviction to run concurrently with a commitment under ch. 975, Stats. The court concluded that because a commitment under ch. 975 was not a sentence, the trial court could impose a concurrent sentence. The court added, however:

> This is not to say that such a sentence could not be consecutive to the commitment; it is only a recognition that the statute does *not* mandate that sentences imposed under this section shall be consecutive to any sentence or

*commitment* previously imposed. (Emphasis in the original.) *Hungerford,* 76 Wis.2d at 176, 251 N.W.2d at 11.

Defendant claims that this statement by the court is *obiter dictum* and thus is not binding on this court, because the supreme court did not consider the general authority of a trial court to impose consecutive sentences as outlined in sec. 973.15(1), Stats. (1975). However, the context of the statement indicates that the court did not want to be misinterpreted as holding that a trial court could not order consecutive sentences when a defendant is committed pursuant to ch. 975, Stats., the precise claim of the defendant in this appeal.

In *Beloit Corp. v. ILHR Department,* 63 Wis.2d 23, 216 N.W.2d 233 (1974), the court was faced with a similar circumstance in which a prior case mentioned a point raised by the parties in *Beloit Corp.,* but was unnecessary to the resolution of the earlier case. The court determined that the court's earlier discussion of the statute although not dispositive of the issue in the earlier case, was germane to that issue. Thus, the court concluded that the court's statements in the earlier case were not to be treated as dictum.

We conclude that the same is true in this case. In holding that sec. 946.42(4), Stats. (1975), did not require a circuit court to impose consecutive sentences when a person committed under ch. 975, Stats., escaped from custody, the court in *Hungerford,* 76 Wis.2d 171, noted that its holding did not preclude a circuit court from doing so if it chose.

Therefore, the trial court had authority pursuant to sec. 946.42(4), Stats. (1975), to impose a sentence for defendant's escape conviction to be served consecutively to his sex crimes commitment.

*By the Court.*—Order affirmed.