STATE of Wisconsin, Plaintiff-Respondent,

v.

Michael KRUSE, Defendant-Appellant-Petitioner.
[Case No. 79–552–CR.]

STATE of Wisconsin, Plaintiff-Respondent,

v.

Randy PURIFOY, Defendant-Appellant-Petitioner.
[Case No. 79–1414–CR.]

Supreme Court

*Nos. 79–552–CR, 79–1414–CR. Argued March 31, 1981.—Decided April 29, 1981.*

(Also reported in 305 N.W.2d 85.)

For the petitioners there were briefs and oral argument by *William Lundstrom*, of Madison, legal assistance to institutionalized persons program.

For the respondents the cause was argued by *Edward S. Marion*, assistant attorney general, with whom on the briefs was *Bronson C. La Follette*, attorney general.

DAY, J. This is a consolidated review of two decisions of the court of appeals. The first decision, *State v. Kruse*, 98 Wis.2d 34, 295 N.W.2d 21 (Ct. App. 1980), affirmed the order of the circuit court for Dane county, Richard W. Bardwell, circuit judge. The second, *State v. Purifoy*, is an unpublished decision dated October 14, 1980, affirming an order of the circuit court for Milwaukee county, John E. McCormick, circuit judge. Both orders denied motions to make a sentence for another crime run concurrent with, rather than consecutive to, a commitment under the Sex Crimes Act. [1]

The cases present a single issue on appeal: Was it error for the trial court to impose a criminal sentence consecutive to commitment under the Sex Crimes Act?

We conclude that there was no error and affirm both orders.

In the case of *State v. Kruse*, No. 79–552–CR, the defendant was convicted of attempted rape. On July 20, 1973, Michael Kruse was committed to the Department of Health and Social Services (the department), for an indeterminate term and conveyed to Central State Hos-

---

[1] Under the Act, sec. 975.01 *et seq.* Stats. 1975, persons convicted of sex crimes found to be in need of specialized treatment, were committed to the Department of Health and Social Services. Chapter 117, Laws of 1979 repealed, amended and recreated certain sections of the Act, providing in Section 6 that: "No person may be committed under this chapter after the effective date of this act (1979)."

pital, pursuant to sec. 975.06(2), Stats. 1973.[2] Kruse was transferred from Central State Hospital to the Mendota Health Institute (institute) on December 18, 1975. On September 17, 1976, Kruse escaped from the institute. He was later apprehended and on September 30, 1976, pled guilty to escape, in violation of sec. 946.42(3)(d), Stats. 1975. He was sentenced to a twenty-three month term to be served consecutive to the prior sex crimes commitment.

On March 2, 1979, Kruse filed a motion to modify his sentence to run concurrent with, rather than consecutive to, the commitment. On March 14, 1979, the circuit court entered an order denying the motion but reduced the sentence to eighteen months. The order was affirmed by the court of appeals on June 16, 1980. This court granted Kruse's petition for review on October 20, 1980.

In *State v. Purifoy*, No. 79–1414–CR, the defendant was convicted of one count of first-degree sexual assault and one count of second-degree murder on April 21, 1976. On June 21, 1976, Randy Purifoy was committed to the department for an indeterminate term and conveyed to Central State Hospital pursuant to sec. 975.06 (2), Stats. The circuit court also sentenced Purifoy to an indeterminate term of not less than five nor more than twenty-five years for the second-degree murder conviction, to run consecutive to the sex crimes commitment.

On July 31, 1979, the circuit court entered an order denying Purifoy's motion to modify his sentence to run

---

[2] "975.06. **Commitment to the department.** . . . (2) If, upon completion of the hearing as required in sub. (1), the court finds that the defendant is in need of specialized treatment the court shall commit him to the department. The court may stay execution of the commitment and place him on probation under ch. 973 with a condition of probation that he receive treatment in a manner to be prescribed by the court. If he is not placed on probation, the court shall order him conveyed by the proper county authorities, at county expense, to the sex crimes law facility designated by the department."

concurrent with, rather than consecutive to, the commitment. The order was affirmed by the court of appeals on October 14, 1980. This court granted Purifoy's petition to review and the case was consolidated with *Kruse* by order on December 8, 1980.

Both cases present essentially the same issue of statutory construction. *Kruse* involves the construction of secs. 946.42(4)[3] and 975.06(6),[4] Stats. 1975. *Purifoy* concerns the construction of secs. 973.15(1)[5] and 975.-06(6), Stats. 1975. This difference arises from *Kruse's* conviction for escape contrary to sec. 946.42(3)(d). The imposition of sentence for that offense is governed not by the general sentencing provision (sec. 973.15(1)),

[3] "Sec. 946.42. **Escape.** . . . (4) Sentences imposed under this section shall be consecutive to any sentence previously imposed or which may be imposed for any crime or offense for which the person was in custody when he escaped."

[4] "Sec. 975.06. **Commitment to the department.** . . . (6) Persons committed under this section who are also encumbered with other sentences, whether concurrent with or consecutive to the commitment, shall be received or remain at the sex crimes facility designated by the department. Such facilities may be regarded as state prisons for the purpose of beginning the other sentences, crediting time served on them, and computing parole eligibility dates."

[5] "Sec. 973.15 **Sentence, terms, escapes.** (1) All sentences to the Wisconsin state prisons shall be for one year or more. Except as otherwise provided in this section, all sentences commence at noon on the day of sentence, but time which elapses after sentence while the defendant is in the county jail or is at large on bail shall not be computed as any part of his term of imprisonment. The court may impose as many sentences as there are convictions and may provide that any such sentence be concurrent or that it shall commence at the expiration of any other sentence; and if the defendant is then serving a sentence, the present sentence may provide that it shall commence at the expiration of the previous sentence. If a convict escapes, the time during which he is unlawfully absent from the prison after such escape shall not be computed as part of his term. Courts may impose sentences to be served in whole or in part concurrently with a sentence being served in a federal institution or an institution of another state."

but by sec. 946.42(4). Both statutes, however, provide for the imposition of a criminal sentence consecutive to another sentence. Therefore, both cases present the same issue on appeal: Does sec. 975.06(6), construed together with the sentencing statutes, authorize a trial court to impose a sentence consecutive to a sex crimes commitment?

A related issue was presented in *State v. Hungerford,* 76 Wis.2d 171, 251 N.W.2d 9 (1977). In *Hungerford,* the defendant was convicted of indecent behavior with a child, and was committed to the department as one in need of specialized treatment and conveyed to Central State Hospital pursuant to sec. 975.06(2), Stats. He escaped, was apprehended and convicted of escape, contrary to sec. 946.42(3)(d). In imposing a one-year sentence for escape, the court ambiguously stated that the sentence was to be "consecutive" to his sex crimes commitment, but also that the sentence was to commence "as of today." *Hungerford,* 76 Wis.2d at 174. The circuit court, called upon to clarify its sentence, ruled that the sentence was not to be imposed consecutive to the commitment, and modified its disposition to a one week probation to be served consecutive to the commitment. *Hungerford,* 76 Wis.2d at 175. The state obtained a writ of error to review the circuit court's order amending sentence.

The issue in *Hungerford* was whether a sentence for the crime of escape under sec. 946.42(4) *must* be made consecutive to a commitment.

The court in *Hungerford,* concluded that while:

". . . sentences imposed for an escape must be consecutive to any sentence previously imposed. Because an individual committed pursuant to ch. 975 has not been sentenced, a sentence for an escape which took place while the individual was committed need not be served consecutive to the commitment." *Hungerford, supra,* 76 Wis.2d at 176.

The court added:

"This is not to say that such a sentence could not be consecutive to the commitment; it is only a recognition that the statute does *not* mandate that sentences imposed under this section shall be consecutive to any sentence or *commitment* previously imposed." *Hungerford, supra,* 76 Wis.2d at 176. (Emphasis in original.)

*Hungerford* clearly acknowledged a trial court's discretionary authority under sec. 946.42(4), Stats., to impose a sentence consecutive to a sex crimes commitment. That conclusion is supported by the language of sec. 975.06 (6) that:

"Persons committed under this section who are also encumbered with other sentences, *whether concurrent with or consecutive to the commitment,* shall be received or remain at the sex crimes facility designated by the department. Such facilities may be regarded as state prisons for the purpose of beginning the other sentences crediting time served on them, and computing parole eligibility dates." (Emphasis added.)

Petitioners attempt to discredit the statement in *Hungerford,* contending that it is mere *dictum*. While the statement in *Hungerford* was not decisive to the primary issue presented, it was plainly germane to that issue and is therefore not *dictum*. *Beloit Corp. v. ILHR Dept.,* 63 Wis.2d 23, 31, 216 N.W.2d 233 (1974). As this court stated in *Chase v. American Cartage,* 176 Wis. 235, 238, 186 N.W. 598 (1922):

"It is deemed the doctrine of the cases is that when a court of last resort intentionally takes up, discusses, and decides a question germane to, though not necessarily decisive of, the controversy, such decision is not a *dictum* but is a judicial act of the court which it will thereafter recognize as a binding decision." (cited with approval in *Will of Wehr,* 247 Wis. 98, 18 N.W.2d 709 (1945).

The view expressed in *Hungerford* is also consistent with the statutory framework governing the imposition of sentence consecutive to sex crimes commitments.

In *Purifoy*, secs. 973.15(1) and 975.06(6), Stats., are at issue. The petitioners contend that neither section contains express statutory authority providing for the imposition of a sentence consecutive to a commitment. Rather, the petitioners contend that a trial court's authority to impose consecutive sentences is limited by sec. 973.15(1), which provides for the imposition of a sentence consecutive to another sentence, but makes no reference to a commitment.

Petitioners rely on cases in which this court has narrowly construed a trial court's authority, pursuant to sec. 973.15(1), Stats., to impose consecutive sentences.[6] None of those cases involved a defendant committed under Ch. 975.

However, sec. 975.06(6), Stats., specifically refers to the imposition of sentences consecutive to sex crimes commitments. Sec. 973.15(1), if construed to mean that a criminal sentence can never be made consecutive to a commitment, would conflict with the language of sec. 975.06(6) which refers to criminal sentences both concurrent to and consecutive with commitment. These statutes must, therefore, be construed *in pari materia* and harmonized, if possible. *State v. Wachsmuth,* 73 Wis. 2d 318, 325, 243 N.W.2d 410 (1976).

When harmonizing inconsistent statutes, the specific governs the general and the later in time governs the earlier in time. *Sigma Tau Gamma Fraternity House v. Menomonie,* 93 Wis.2d 392, 402, 288 N.W.2d 85 (1980).

[6] *Drinkwater v. State,* 69 Wis.2d 60, 230 N.W.2d 126 (1975); *Bruneau v. State,* 77 Wis.2d 166, 252 N.W.2d 347 (1977); and *Guyton v. State,* 69 Wis.2d 663, 230 N.W.2d 726 (1974).

Sec. 975.06(6) is both more specific and more recently enacted than sec. 973.15(1), and implicitly authorizes the imposition of a sentence consecutive to a commitment. Our conclusion that the legislature contemplated the imposition of a sentence consecutive to a sex crimes commitment is supported by the legislative history of sec. 975.06(6).

Sub. (6) of sec. 975.06, Stats., was created by ch. 44 of the Laws of 1973, which was introduced as Senate Bill 31. The Legislative Council's note to that bill reads in part:

"Under certain circumstances, a person may be committed under the Sex Crimes Act (Ch. 975 of the statutes) and, at the same time, be sentenced under another provision of the criminal code. If the sentence and commitment are consecutive, the inmate would first be confined at a designated sex crimes facility (state hospital) and upon parole from the commitment, be transferred to a state prison to begin serving his criminal sentence. If the sentence and commitment run concurrently, he must serve both the sentence and commitment at the state prison."

The Legislative Council's Report to the 1973 Legislature on Proposals Relating to Criminal Penalties similarly states, at page 6:

"Persons who are committed under Ch. 975 of the statutes, the Sex Crimes Law, also may be encumbered with other prison sentences which may run either concurrently or consecutively with the sex crimes commitment. For example, a person may have been committed under the Sex Crimes Law as a result of a conviction for rape. He also may have been simultaneously convicted for the theft of the woman's purse with the sentence to run concurrently. Under present law, time served in a sex crime facility may not be used in computing an inmate's parole eligibility date under the criminal sentence, since the sex crimes facility is not defined as a prison.

"Senate Bill 31 [LRB–944/1], creates s. 975.06(6) to provide that a sex crimes facility may be regarded as a prison for the purposes of beginning concurrent sentences and computing parole eligibility dates of consecutive sentences. In other words, the bill provides that time served in a sex crimes facility would be credited the same as time served in a state prison towards concurrent or consecutive sentences. S.B. 31 also specifically authorizes the use of a sex crime facility for a person who has other sentences which the court determines shall run concurrently or consecutively."

This legislative history shows an intent to permit imposition of a sentence consecutive to a commitment. When construed together with either sec. 973.15(1), Stats., or sec. 946.42(4), we hold sec. 975.06(6) to authorize a trial court to impose a criminal sentence consecutive to a sex crimes commitment. Any other result would render that language in sec. 975.06(6) relating to consecutive sentences meaningless. A construction of a statute rendering a portion of it meaningless must be avoided. *State v. Wisconsin Telephone Co.*, 91 Wis.2d 702, 714, 284 N.W.2d 41 (1979).

*By the Court.*—The decisions of the Court of Appeals are affirmed.