STATE of Wisconsin, Plaintiff-Respondent,

v.

William N. LEDFORD, Defendant-Appellant.†

Court of Appeals

*No. 82–2136–CR. Submitted on briefs June 20, 1983.—Decided August 23, 1983.*

† Petition to review denied.

For the appellant the cause was submitted on the briefs of *Jack E. Schairer,* assistant state public defender.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Sally L. Wellman,* assistant attorney general.

Before Foley, P.J., Dean and Cane, JJ.

CANE, J. William N. Ledford appeals the sentence portion of a judgment of conviction for escape, pronounced on the same day as a sentence for second-degree sexual assault, and from an order denying his motion to make the escape sentence concurrent to the sexual assault sentence. Ledford contends the trial court er-

roneously concluded that sec. 946.42(4), Stats., mandated the escape sentence be served consecutive to and following the sexual assault sentence. Ledford alternatively contends that sec. 946.42(4) precludes the trial court from making an escape sentence consecutive to a sentence for a crime not charged before the escape took place. Because the trial court imposed consecutive sentences in a statutorily authorized exercise of discretion, we affirm.

On February 27, 1982, Ledford was in the Trempealeau County jail serving a sentence on an unrelated conviction when he committed an act of sexual assault against another prisoner. A criminal complaint charging Ledford with second-degree sexual assault for this incident was drafted and dated March 22, 1983. The following day, after receiving a sentence for operating a motor vehicle without the owner's consent. Ledford escaped. He was recaptured the same day, and on March 24 criminal complaints for both the escape and the sexual assault were filed. Ledford was convicted of second-degree sexual assault on June 15, after a jury trial, and of escape on June 16, after pleading guilty. On June 16, the court sentenced Ledford to not more than five years for sexual assault, consecutive to his previous sentences, and to not more than three years for escape, consecutive to the sexual assault sentence.[1]

Ledford first argues that the trial court erroneously concluded that sec. 946.42(4)[2] required it to impose the

---

[1] The order of the sentences was clarified by the trial court's statement at the hearing on Ledford's motion for post-conviction relief. The court stated "[he] was convicted of the sexual assault charge first, and therefore, he was sentenced on the sexual assault charge first."

[2] Section 946.42(4), Stats., provides:
Sentences imposed under this section shall be consecutive to any sentence previously imposed or which may be imposed for any

escape sentence consecutive to the sexual assault sentence. His argument is based largely on passages from the sentencing and post-conviction hearing transcripts. The quoted comments of the trial court, however, deal with its interpretation of the legislative intent behind sec. 946.42 as an indication of public policy concerning sentencing for escape violations generally and are not a construction of the section as mandating that the escape sentence be consecutive to the sexual assault sentence.

The record indicates that the trial court exercised its discretion in imposing consecutive sentences. "The exercise of discretion contemplates a process of reasoning based on facts that are of record or . . . reasonably derived by inference from the record, and a conclusion based on a logical rationale founded upon proper legal standards." *Ocanas v. State,* 70 Wis. 2d 179, 185, 233 N.W.2d 457, 461 (1975). At sentencing, the trial court stressed Ledford's record of persistent criminal behavior and the fact that this was his third escape. It also emphasized the serious nature of a sexual assault in a confined, institutional setting. The court then considered the question of whether the sentences should be concurrent or consecutive. The fact that it considered this to be a question at all indicates the consecutive sentences were imposed through a reasoned exercise of discretion, rather than an act pursuant to a statutory mandate. In this regard, the trial court stated, "[i]n looking at your present sentencing structure, concurrent is no penalty at all until it moves out a reasonable amount of years." The court examined the policy reasons behind sec. 946.42 and found them applicable to sentencing Ledford for sexual assault.

We are all familiar with the fact that escapes are consecutive and that's because you are in an institution at

crime or offense for which the person was in custody when he escaped.

that time and there is no way to effectively control a human being's behavior with concurrent violations [sic] in situations like that. The same is true of the sexual assault. Identical reasoning, only possible result. An offense committed against another human being while imprisoned . . . should not be served concurrently, any more than escape should be, perhaps less so.

The comments of the trial court demonstrate its reasoned conclusion, based on Ledford's criminal record and its interpretation of public policy or legislative intent, that a harsher penalty was necessary in this case and that concurrent sentences would not meet that need. While the trial court's statements could conceivably be interpreted as evincing a misconception about the mandates of sec. 946.42 (4), assuming we were to accept Ledford's construction of that statute, we do not find that interpretation convincing. The trial court is presumed to have acted reasonably in sentencing. *State v. Oliver,* 84 Wis. 2d 316, 324, 267 N.W.2d 333, 336 (1978).

The post-conviction motion hearing transcript lends further support to our conclusion. The trial court stated, "[t]he Court in its sentencing *discretion,* and in any case, can make cases of sentencing consecutive or running concurrently . . . . [W]hether . . . the escape charge should run consecutive to the original charges or consecutive to the charges cumulatively imposed at that time was the only legal issue . . . Insofar as that's concerned, I think that the Court's *discretion* and Legislative intent is clear in that regard . . . ." [Emphasis added.] There is a strong policy against interfering with the trial court's discretion in passing sentence, *id.,* and we decline to do so in this case.

. Ledford's alternative argument appears to be one of preemption. Section 973.15 (2), Stats., allows a trial court to impose multiple sentences concurrently or con-

secutively.[3] Ledford argues that since an escape sentence is governed by the more specific sec. 946.42(4), the option of sec. 973.15(2) is removed. He contends that the court could not impose the escape sentence consecutive to the sexual assault sentence because he had not been charged with that crime when he escaped. Although the sexual assault occurred before the escape, a criminal complaint charging him with sexual assault was not filed until the day after the escape. Ledford reasons that because sec. 946.42(4) specifically limits the court to imposing escape sentences consecutive to sentences previously imposed or that may be imposed when he escaped, the court's authority to impose consecutive or concurrent sentences under sec. 973.15(2) has been preempted. He concludes that the court was therefore limited to imposing the escape sentence concurrent to the sexual assault sentence. The state claims, but does not argue, that the sexual assault sentence could be interpreted to be a "sentence previously imposed" under sec. 946.42(4), requiring the escape sentence to be consecutive to the sexual assault sentence. Because we decide that the escape sentencing statute does not remove discretion to impose consecutive sentences, we need not address this issue.

Ledford cites *State ex rel. Gutbrod v. Wolke,* 49 Wis. 2d 736, 183 N.W.2d 161 (1971), to support his argument that the existence of the specific escape sentencing statute supersedes the general sentencing statute in this instance. *Gutbrod,* however, dealt with a conflict between general and specific penalty provisions, and the penalty provided by the specific statute was applied. *See id.* at

---

[3] Section 973.15(2), Stats., provides:

The court may impose as many sentences as there are convictions and may provide that any such sentence be concurrent with or consecutive to any other sentence imposed at the same time or previously.

747, 183 N.W.2d at 166–67. In this case, Ledford argues that sec. 946.42(4), requiring a mandatory consecutive sentence, does not apply. If that is true, we are not faced with a conflict between the general and specific sentencing statutes. Only if sec. 973.15(2) were construed to permit a concurrent sentence where sec. 946.42 (4) mandates a consecutive sentence would we find a statutory conflict. "[A] specific statute controls over a general statute only when the two statutes are in conflict." *Mack v. Joint School District No. 3*, 92 Wis. 2d 476, 490, 285 N.W.2d 604, 611 (1979).

Ledford relies primarily on *State v. Kruse*, 101 Wis. 2d 387, 390–91, 305 N.W.2d 85, 87 (1981), which indicated that escape sentences are governed by sec. 946.-42(4) and not by the general sentencing provision, now sec. 973.15(2). The statement to that effect in *Kruse*, however, was intended to explain the different issues of statutory construction presented by the two cases on appeal, one involving an escape and the other not. *Id.* There is no question that sec. 946.42(4) applies in the proper escape case and that sec. 973.15(2) applies where there has been no escape. *Kruse* did not decide, however, that the option provided by the general statute does not apply to escape cases that might fit through a loophole of sec. 946.42(4).

The issue in *Kruse* was whether an escape sentence could be imposed consecutive to a commitment under the Sex Crimes Act. The supreme court answered affirmatively, relying on *State v. Hungerford*, 76 Wis. 2d 171, 251 N.W.2d 9 (1977). The court in *Hungerford* held that, since sex crimes commitments are not sentences, sec. 946.42(4) does not require that escape sentences be consecutive to such commitments. The court also indicated, however, that an escape sentence *could* be imposed consecutive to a sex crimes commitment. *Id.* at 176, 251 N.W.2d at 9. The court in *Kruse* recognized that "*Hungerford* clearly acknowledged a trial court's discre-

tionary authority . . . to impose a sentence consecutive to a sex crimes commitment," and went on to affirm such a sentence. *Kruse*, 101 Wis. 2d at 392, 305 N.W.2d at 88.[4] Although sec. 946.42(4) does not require that escape sentences be served consecutive to sex crimes commitments, trial courts could, in their discretion, impose such sentences. Likewise, even if sec. 946.42(4) does not require that Ledford's escape sentence be served consecutive to a sexual assault sentence, the trial court could impose such a sentence in its discretion authorized by sec. 973.15(2).

The fact that *Kruse* and *Hungerford* involved underlying commitments rather than sentences strengthens our conclusion. If trial courts were allowed discretion to impose an escape sentence consecutive to a commitment, which contemplates treatment, they should be allowed discretion to impose an escape sentence consecutive to other criminal sentences, which are of a more penal nature.

Ledford's reliance on *Donaldson v. State,* 93 Wis. 2d 306, 286 N.W.2d 817 (1980) and *Eichmann v. State,* 93 Wis. 2d 303, 286 N.W.2d 823 (1980), is likewise misplaced. Those cases involved the imposition of sentences consecutive to primary sentences not imposed at the same time and not then being served, a practice not authorized by the predecessor to sec. 973.15(2). *Donaldson,* 93 Wis. 2d at 310–11, 286 N.W.2d at 819; *Eichmann,* 93 Wis. 2d at 305, 286 N.W.2d at 824. Since *Donaldson* and *Eich-*

---

[4] The court in *State v. Kruse*, 101 Wis. 2d 387, 392, 305 N.W.2d 85, 88 (1981), indicated that the discretionary authority derives from § 946.42(4). We believe the discretion derives from § 973.15 (2), Stats., which provides an option, and not from the escape sentencing section, which simply mandates consecutive sentences where it applies. We read *Kruse* as an indication, however, that where the mandate of § 946.42(4) does not apply, the discretion authorized by § 973.15(2) remains.

*mann,* sec. 973.15 has been rewritten specifically to allow sentences consecutive to "any previously or simultaneously imposed sentence." *See Judicial Council Note* [1981] sec. 973.15(2), Stats. (1981–82). That section now clearly permits the consecutive sentences imposed on Ledford. Since we reject Ledford's preemption argument, we conclude that the trial court, in the exercise of its discretion, was authorized to impose the escape sentence consecutive to the sexual assault sentence.

*By the Court.*—Judgment and order affirmed.