CITY OF MADISON, Plaintiff-Appellant,

v.

MADISON PROFESSIONAL POLICE OFFICER
ASSOCIATION, Defendant-Respondent.†

Court of Appeals

*No. 86–0915. Submitted on briefs August 14, 1986.—Decided
March 26, 1987.*

(Also reported in 405 N.W.2d 774.)

† Petition to review pending. This petition was not decided at the time the volume went to press. Its disposition will be reported in a later volume.

For the plaintiff-appellant the cause was submitted on the briefs of *Henry A. Gempeler,* city attorney, and *Larry W. O'Brien,* assistant city attorney.

For the defendant-respondent the cause was submitted on the brief of *Richard V. Graylow* and *Stephen Ehlke* and *Lawton & Cates, S.C.,* of Madison.

Before Dykman, Eich and Sundby, JJ.

EICH, J. The City of Madison appeals from an order confirming an arbitration award. The arbitrator ruled that the city violated the terms of its labor agreement with the Madison Professional Police Officers Association (MPPOA) by continuing to enforce an employee residency requirement against members of the union.

While the parties raise several issues in their briefs, and the case has a complicated factual background, we consider a single question to be dispositive: Did the arbitrator exceed his authority by interpreting the agreement in a manner violative of the law? We answer the question in the affirmative and reverse.

Section 3.27 of the Madison General Ordinances requires all city employees to reside within the city limits. The labor agreement requires the city to apply the ordinance to MPPOA members in the same manner as to all other city employees and states that any "moderation" of the ordinance made for any other employees should also apply to MPPOA members.

When the city executed a labor contract with another union which contained a clause exempting certain employees from the requirements of the residency ordinance, MPPOA filed a grievance, claiming that this constituted a "moderation" of the ordinance which the city was bound to grant to its members as well. The arbitrator adopted the union's position and ruled that the city had violated its contract with MPPOA by continuing to apply the ordinance to MPPOA members without exception. On review, the circuit court affirmed, and the city appealed.

We review arbitrators' decisions *de novo,* without deference to the trial court. *Glendale Prof. Policemen's Asso. v. Glendale,* 83 Wis. 2d 90, 100–01, 264 N.W.2d 594, 600 (1978). The arbitrator's decision, however, is accorded great deference. We follow a "hands-off" policy toward such decisions. *Id.* at 98, 264 N.W.2d at 599. Our role is essentially supervisory, with the ultimate goal of ensuring that the parties receive the arbitration they bargained for. *Milw. Bd. Sch. Dirs. v. Milw. Teachers' Ed. Asso.,* 93 Wis. 2d 415, 422, 287 N.W.2d 131, 135 (1980). And the parties bargain for the judgment of the arbitrator, whether that judgment is correct or incorrect as a matter of fact or law. *Oshkosh v. Union Local 796-A,* 99 Wis. 2d 95, 103, 299 N.W.2d 210, 215 (1980). Consequently, we will not interfere with an arbitrator's decision for "errors of judgment as to law or fact," but only if "perverse misconstruction or positive misconduct [is] plainly established, or if there is a manifest disregard of the law, or if the award itself is illegal or violates strong public policy." *Milw. Bd. Sch. Dirs.,* 93 Wis. 2d at 422, 287 N.W.2d at 135. In this case, the award itself is illegal.

In its initial brief, the city referred in passing to *WERC v. Teamsters Local No. 563,* 75 Wis. 2d 602, 612, 250 N.W.2d 696, 701 (1977), for the proposition that all labor contracts are considered to be made with reference to existing law. In *Local 563,* an employee of the City of Neenah was fired when he moved out of the city in violation of a residency ordinance similar to Madison's. The employee's union filed a grievance, claiming that the termination violated the terms of a collective bargaining agreement providing that employees could be discharged only for "just cause." The arbitrator ruled that because the residency ordinance was not contained in the contract, it was a "work rule" which was not reasonably related to job performance and that, as a result, the discharge was not for "just cause." *Id.* at 606, 250 N.W.2d at 698.

On review, the circuit court reversed, concluding that the "just cause" provisions of the contract did not confer authority upon the arbitrator to rule on the application of the residency ordinance. *Id.* at 607, 250 N.W.2d at 698. The supreme court affirmed, stating:

> [A] labor contract term that violates public policy or a statute is void as a matter of law.
>
> The city and the union could not have included a provision in the contract stating that the ordinance did not apply to union members. Such a term would have been void because it provided for violation of the ordinance and perhaps constitutional equal protection. A labor contract term whereby parties agree to violate a law is void. Just as a contractual provision to directly violate the law is void, a contractual provision conferring upon a third party the power to interpret the contract in such a manner that a violation will occur is also void. In arbitrating whether the

discharge pursuant to the ordinance was for just cause, the parties used a contractual provision as a means for violating the law. What they cannot do directly they have attempted to do indirectly. Because a contract provision that violates the law is void, the question of whether a discharge pursuant to the ordinance is for just cause is not arbitrable. An arbitrator obtains his authority from the contract and a contract term may neither violate the law nor confer authority upon a third party to interpret the contract in a manner which violates the law. Therefore the arbitrator exceeded his authority under the contract in arbitrating whether the discharge was for just cause. [Citations and footnotes omitted.] *Id.* at 612–13, 250 N.W.2d at 701–02.

We asked the parties for supplemental briefs. Our order specifically asked them to address whether the "illegal contract" language of *Local 563* applied to the facts of this case. Upon further consideration, we are satisfied that it does.

While the facts are sufficiently different that the court's statements in *Local 563* might be considered *dicta,* such a conclusion is unwarranted, given the language of the opinion. "[W]hen a court of last resort intentionally takes up, discusses, and decides a question germane to, though not necessarily decisive of, the controversy, such decision is not a *dictum* but is a judicial act of the court which it will thereafter recognize as a binding decision." *State v. Kruse,* 101 Wis. 2d 387, 392, 305 N.W.2d 85, 88 (1981), quoting *Chase v. American Cartage Co.,* 176 Wis. 235, 238, 186 N.W. 598, 599 (1922). That is what the court did in *Local 563,* and we consider the statements binding upon us. *See State v. Cooper,* 117 Wis. 2d 30, 36, 344 N.W.2d 194, 197 (Ct. App. 1983) (court of appeals must

follow supreme court decisions). Indeed, in a later case the supreme court acknowledged that "[i]n *WERC v. Teamsters Local No. 563* ... we held that a contract provision interpreted to permit an employee to violate an ordinance requiring him to live within the city was illegal." *Glendale,* 83 Wis. 2d at 102, 264 N.W.2d at 600.

We see no grounds for distinguishing *Local 563* and conclude that we must reverse on grounds that the arbitrator's decision interprets the contract as exempting certain MPPOA members from the requirements of a valid city ordinance. By doing so, he has "interpret[ed] the contract in a manner which violates the law" and thereby exceeded his authority. *Local 563,* 75 Wis. 2d at 613, 250 N.W.2d at 701–02.

Finally, we acknowledge the apparent inconsistency between the result in this case and *City of Madison v. Firefighters,* 133 Wis. 2d 186, 394 N.W.2d 766 (Ct. App. 1986). In that case, however, we did not consider the particular issue as having been raised by the parties and did not address it.[1]

*By the Court.*—Order reversed.

---

[1]In its brief in *Firefighters,* the city also mentioned *Local 563.* In that case, however, there was no supplemental briefing, and the question was never addressed.