Marvin ROHL, a/k/a Marvin Rosinsky, Plaintiff in error,

v.

STATE of Wisconsin, Defendant in error-Petitioner.

Supreme Court

No. 78–121–CR.—Decided July 7, 1980.
(Also reported in 293 N.W.2d 922.)

PER CURIAM. Marvin Rohl, plaintiff in error, on June 20, 1980, filed a motion for substitution of judge for the evidentiary hearing ordered by this court to be held upon remand in the circuit court for Manitowoc county.

This court in its opinion filed on June 3, 1980, affirmed in part and reversed in part the decision of the court of appeals and remanded the cause to the trial court with directions to hold an evidentiary hearing. Relying on sec. 801.58(7), Stats., Rohl asks this court to make the substitution of judge for the hearing. He also asks the chief justice pursuant to sec. 751.03(1) to appoint a judge from outside the fourth judicial circuit to preside at the hearing.

Sec. 801.58(7), Stats., provides:

"If upon an appeal from a judgment or order or upon a writ of error the appellate court orders a new trial or reverses or modifies the judgment or order as to any or all of the parties in a manner such that further proceedings in the trial court are necessary, any party may file a request under sub. (1) within 20 days after the entry of the judgment or decision of the appellate court whether or not another request was filed prior to the time the appeal or writ of error was taken."

Rohl explains that because the record remains in this court he filed the request for substitution here rather than with the clerk of the trial court pursuant to the procedure in sec. 801.58(1), Stats. Rohl notes that pursuant to Rule 809.26, Stats., the record is not remanded to the trial court until 31 days after the filing of the decision of the appellate court; and that pursuant to *State v. Neutz,* 73 Wis.2d 520, 243 N.W.2d 506 (1976), the circuit court lacks jurisdiction to act until the record has been remitted from the supreme court.

Rohl reasons that since he must file his request for substitution within 20 days after the filing of the su-

preme court decision; and since the circuit court lacks jurisdiction until the record is remitted; and since the record will not be remitted until more than 20 days after the filing of the appellate court decision; he must file his request for substitution with the supreme court within 20 days after the supreme court's opinion is filed.

Rohl's request for substitution of judge must be denied because he has misinterpreted sec. 801.58(7), Stats. In requiring the request for substitution to be filed within 20 days "after the entry of the judgment or decision of the appellate court," sec. 801.58(7), Stats., requires the request to be made within 20 days after the appellate court judgment or decision has been entered in the record by the clerk of the trial court after the record has been remitted. Sub. (7) provides that the parties file a request for substitution under sub. (1), which requires the request to be filed with the clerk of courts. This scheme works only if the "entry" referred to in sub. (7) is the entry of the appellate court judgment or decision in the record by the clerk of the trial court upon remittitur. If the 20 days began to run upon the filing of the appellate court judgment or decision in the appellate court the request for substitution would have to be made while the record remained in the appellate court. However, sec. 801.58(7) requires that the 20 day period begin to run after the appellate court judgment or decision is entered by the clerk of the circuit court upon remittitur. In the instant case, then, Rohl must file his request for substitution within 20 days after the appellate court judgment or decision is entered by the clerk of the circuit court after the record is remitted by the supreme court.

The motion for substitution of judge is denied.