# 2024 WI APP 31

# COURT OF APPEALS OF WISCONSIN
## PUBLISHED OPINION

Case No.:          2023AP001534-CRAC

Complete Title of Case:

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

MARIA A. LARSON,

DEFENDANT-APPELLANT.

| | |
|---|---|
| Opinion Filed: | April 24, 2024 |
| Submitted on Briefs: | February 29, 2024 |
| Oral Argument: | |

| | |
|---|---|
| JUDGES: | Gundrum, P.J., Neubauer and Grogan, JJ. |
| Concurred: | |
| Dissented: | |

| | |
|---|---|
| Appellant ATTORNEYS: | On behalf of the defendant-appellant, the cause was submitted on the briefs of *Mark D. Richards* of *Richards & Associates, S.C.*, Racine. |
| Respondent ATTORNEYS: | On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Joshua L. Kaul*, attorney general, and *John W. Kellis*, assistant attorney general. |

# COURT OF APPEALS
## DECISION
## DATED AND FILED

## April 24, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2023AP1534-CRAC**

**STATE OF WISCONSIN**

Cir. Ct. No.  **2023CF191**

**IN COURT OF APPEALS**

---

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

V.

MARIA A. LARSON,

    DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Kenosha County: JASON A. ROSSELL, Judge.  *Reversed and cause remanded*.

Before Gundrum, P.J., Neubauer and Grogan, JJ.

¶1      GUNDRUM, P.J.  Maria A. Larson appeals from an order of the circuit court denying her request for judicial substitution.  She contends the court erred in denying the request on the basis that it was "untimely" because it was filed

prior to assignment of the trial judge at bindover. We agree with Larson, and we reverse and remand.

### *Background*

¶2 On February 3, 2023, Larson and Gerald Campion were charged with first-degree reckless homicide, as parties to a crime. The file stamp on the front of the complaint as well as on the State's discovery demand, both of which documents were filed that same date, includes, among other things, "Honorable Angelina Gabriele" and below that, "Branch 6." The file stamp on other documents filed between February 3 and July 12, 2023, does not include the name or branch of a specific circuit court judge.

¶3 Larson's initial appearance was held on February 8, 2023. Campion passed away on February 19, 2023, and the case against him was dismissed on February 22, 2023. A preliminary examination hearing was scheduled for Larson for July 12, 2023.

¶4 About an hour and one-half prior to the start of the July 12 hearing, Larson e-filed a written request for substitution of "the Honorable Angelina Gabriele." At the hearing, Larson waived her right to a preliminary examination. The court commissioner found probable cause that she had committed a felony, immediately stated that the matter would "be bound over to the Honorable Angelina Gabriele," and then stated, "Counselor, I do have a copy of the Information.[1] I'd

---

[1] The Information filed by the State includes, in the middle-top section, the court case number, below that the district attorney case number, and below that "Hon. Angelina Gabriele."

like to go to arraignment. Have you received a copy?" Counsel for Larson responded, "I have filed electronically a Substitution. Is that reflected in the record? … It was filed this morning." After checking, the commissioner stated, "The [c]ourt has received a copy…. It's been timely filed in its proper form." The commissioner confirmed directly with Larson that she wanted to "continue with that Substitution of Judges" and then stated, "[W]e'll have to pick a new tab," after which the clerk stated, "It's Judge Milisauskas, Branch 4." The commissioner bound the matter over "to the Honorable Judge Anthony Milisauskas," the arraignment took place, and a final pre-trial hearing before Judge Milisauskas was set for August 30, 2023.

¶5 On July 17, 2023, Judge Gabriele signed an "Application and Order for Specific Judicial Assignment" denying Larson's judicial substitution request on the ground of "co-defendant case." Counsel for Larson sought review of that denial by the chief judge, explaining there was no longer a co-defendant in the case because Campion had passed away and his case had been dismissed on February 22, 2023. Counsel's letter also informed the chief judge that Larson had filed her request for substitution of Judge Gabriele prior to the start of the July 12 hearing.

¶6 The chief judge sustained Judge Gabriele's denial of Larson's judicial substitution request but on different grounds. While he acknowledged the co-

---

The State represents that when it filed the Information with Judge Gabriele's name on it, Larson had already been bound over for trial and Judge Gabriele had already been assigned as the trial judge. This representation seems questionable as the transcript suggests the court commissioner already had a copy of the Information at the time he ordered Larson "bound over to the Honorable Angelina Gabriele." In any event, the State does not contend that the timing of the filing of the Information is relevant to the assignment of the trial judge at bindover or that it is it relevant to the analysis of the timing of Larson's substitution request. We see no relevance either.

defendant rule[2] did not apply due to Campion's death and the resulting dismissal of his case, the chief judge concluded that Larson's substitution request "was not filed appropriately or timely" because WIS. STAT. § 971.20(4)

> requires that written request for substitution of the judge originally assigned to the trial may be filed with [the] clerk before making any motions to the trial court and before arraignment. However, a judge becomes the trial judge at bindover. *See* [*State ex rel.*] *Mace v.* [*Circuit Ct. for Green Lake Cnty.*], 193 Wis. 2d 208, 217-18, [532 N.W.2d 720 (1995)]. Bindover in this case did not occur until the waiver of the preliminary hearing.

The chief judge ruled that Larson's substitution request was untimely because it was filed "prior to the bindover and assignment of the case to Judge Gabriele." Larson petitioned this court for interlocutory review of the chief judge's order, which petition we granted. *See* WIS. STAT. RULE 809.50(3).

## *Discussion*

¶7    The question before us is whether Larson's request for substitution of judge was untimely because it was filed prior to assignment of the trial judge at bindover. Answering this question requires us to interpret and apply WIS. STAT. § 971.20(4), which is a question of law we review de novo. *See Century Fence Co. v. American Sewer Servs., Inc.*, 2021 WI App 75, ¶8, 399 Wis. 2d 742, 967 N.W.2d 32; *see also State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110 ("[S]tatutory interpretation 'begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry.' Statutory language is given its common, ordinary, and accepted meaning, except

---

[2] WISCONSIN STAT. § 971.20(6) (2021-22) provides: "In actions involving more than one defendant, the request for substitution shall be made jointly by all defendants."

All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

that technical or specially-defined words or phrases are given their technical or special definitional meaning." (citations omitted)). Section 971.20(4) provides:

> SUBSTITUTION OF TRIAL JUDGE ORIGINALLY ASSIGNED. A written request for the substitution of a different judge for the judge originally assigned to the trial of the action may be filed with the clerk before making any motions to the trial court and before arraignment.

¶8 Larson takes issue with the chief judge's determination that in order to be timely her request for judicial substitution under WIS. STAT. § 971.20(4) needed to be filed not just "before making any motions to the trial court and before arraignment" but *also after* the "trial judge" was officially assigned, which did not occur until bindover following Larson's waiver of the preliminary hearing. Larson points out "[t]here is no language in § 971.20(4) that requires a filing after a preliminary hearing, but before arraignment." We note the same.

¶9 Within the context of the very provision at issue here, WIS. STAT. § 971.20(4), our supreme court unmistakably held in *Mace*, 193 Wis. 2d at 218, that "[t]here is no trial court until after a bindover" and therefore a judge taking action on a case prior to that time "[i]s not acting in his capacity as a trial judge in the action." Thus, as the State asserts, when subsec. (4) refers to "the judge originally assigned to the trial of the action," it is referring to the judge assigned at bindover to see the case through trial. Prior to that assignment, there is no "trial court" or "trial judge" in a case. *Mace*, 193 Wis. 2d at 218.

¶10 From the above, the State asserts the chief judge correctly denied Larson's request to substitute on Judge Gabriele as the request "was premature and of no legal effect" because Judge Gabriele had not yet been assigned as the trial

judge on the case.[3]  As Larson correctly notes, however, "[n]othing in *Mace* indicated that filing a request for substitution in advance of the preliminary hearing would disqualify that request for being untimely."[4]  We further observe that nothing in WIS. STAT. § 971.20(4) precludes the filing of a written request for judicial

---

[3] In support of its position, the State—very briefly—references *Rohl v. State*, 97 Wis. 2d 514, 293 N.W.2d 922 (1980).  We say "very briefly" because all the State writes about *Rohl* is that the supreme court "ruled that a substitution request was of no legal effect if filed prematurely."  This hardly suffices for a developed argument, so we do not consider it.  *See Clean Wis., Inc. v. PSC*, 2005 WI 93, ¶180 n.40, 282 Wis. 2d 250, 700 N.W.2d 768 ("We will not address undeveloped arguments.").  That said, even if we did consider the State's undeveloped "argument," *Rohl* does not drive the outcome in this case.  This is so because a critical underpinning of *Rohl* is the fact that after the supreme court ruled partially in Rohl's favor by ordering the case remanded to the circuit court for an evidentiary hearing, Rohl filed his request for substitution of the trial court judge *in the supreme court* instead of filing it with the circuit court clerk, asking the supreme court "to make the substitution of judge for the hearing."  *Rohl*, 97 Wis. 2d at 515-16.  In its very brief decision, the *Rohl* court concluded that the twenty days referenced in WIS. STAT. § 801.58(7) for filing a request for substitution "after the entry of the judgment or decision of the appellate court" does not begin to run until "after the appellate court judgment or decision is entered by the clerk of the circuit court upon remittitur," and thus, the request for substitution is to be filed *in the circuit court* "within 20 days" of that date.  *Rohl*, 97 Wis. 2d at 516.  The *Rohl* court certainly did not "rule" as the State suggests.

[4] Larson cites to *State v. Bohannon*, 2013 WI App 87, 349 Wis. 2d 368, 835 N.W.2d 262, but does not rely on it for any of her arguments.  Her citation of it, however, prompts us to note that portions of our decision in that case appear at odds with our supreme court's decision in *State ex rel. Mace v. Circuit Ct. for Green Lake Cnty.*, 193 Wis. 2d 208, 218, 532 N.W.2d 720 (1995).  As noted, in *Mace*, our supreme court considered the language of WIS. STAT. § 971.20(4) and held there is no "trial judge" in a case until bindover, which occurs following the preliminary examination or waiver of the same.  *Mace*, 193 Wis. 2d at 218.  In *Bohannon*, we appear to go astray from the text of § 971.20(4) and *Mace* because we erroneously refer to the judge on whom Bohannon attempted to substitute as "the judge 'originally assigned' to the *case*," instead of using the actual language of § 971.20(4) of "the judge originally assigned to the *trial* of the action."  *Bohannon*, 349 Wis. 2d 368, ¶20 (emphases added).  We then relied upon that error in stating that the challenged judge "was originally assigned to Bohannon's *case* the same day the criminal complaint was filed—February 5, 2010.  At that time, the preliminary hearing and arraignment were scheduled for February 19, 2010."  *Id.* (emphasis added).  We then stated, "[t]herefore, pursuant to § 971.20(4), Bohannon should have filed his [substitution] motion before February 19, 2010," *Bohannon*, 349 Wis. 2d 368, ¶20, i.e., before the preliminary hearing and bindover.

Absent *Mace*, *Bohannon* would support Larson's appeal, as it plainly indicates a request for substitution under WIS. STAT. § 971.20(4) can be properly filed before the preliminary hearing and bindover, at least when the preliminary hearing and arraignment are scheduled for the same date.  Because of the apparent conflict with *Mace* and the plain text of WIS. STAT. § 971.20(4), however, we do not rely on *Bohannon*.

6

substitution prior to bindover, even though the "trial" judge is not technically assigned until that time. The *Mace* holding that "the judge originally assigned to the trial of the action" is not assigned until bindover does not create an additional— unstated—requirement in § 971.20(4) that a request for judicial substitution must be filed after that assignment is made. There is only one preclusive timing requirement in § 971.20(4), and that is that a written request for substitution of the trial judge must be filed with the clerk "before making any motions to the trial court and before arraignment." It is undisputed that Larson met that requirement when she filed her written request before the start of the July 12 hearing.

¶11 It is of no moment whether the judicial assignment system in Kenosha County is such that Larson effectively "knew" Judge Gabriele would be assigned as the trial judge at bindover because she was identified as the judge assigned to the case on the criminal complaint, or Judge Gabriele was the only judge Larson would have substituted on—so if a different judge was assigned as the trial judge at bindover, Larson would not care that her request to substitute on Judge Gabriele was simply irrelevant and had no legal effect—or Larson just made a lucky guess. She had filed a written request for substitution of Judge Gabriele in proper form "before making any motions to the trial court and before arraignment," as required by the statute. She satisfied the only time restriction in WIS. STAT. § 971.20(4).

¶12 We further observe that Larson's written substitution request had not been acted upon or withdrawn prior to the start of the July 12 hearing. *See Clark v. State*, 92 Wis. 2d 617, 629-32, 286 N.W.2d 344 (1979) (discussing the legal significance in the WIS. STAT. § 971.20 context of a withdrawal of a substitution request), *abrogated on other grounds by State ex rel. Davis v. Circuit Ct. for Dane Cnty.*, 2024 WI 14, 411 Wis. 2d 123, ¶¶42-43, 4 N.W.3d 273. As a result, that request remained pending. Thus, even though Larson was faced with mere seconds

between the bindover assignment of Judge Gabriele as the trial judge and the arraignment, she nonetheless had her written request on file and pending with the court. Further, not only had Larson not withdrawn her substitution request, she herself and her counsel renewed that written request on the record after bindover and prior to the arraignment portion of the hearing.

¶13 It is obvious from the manner in which the legislature wrote WIS. STAT. § 971.20(4) (emphases added)—"[a] written request for the substitution of a *different* judge *for* the judge originally assigned to the trial of the action may be filed with the clerk before making any motions to the trial court and before arraignment"—the legislature contemplated that the request to substitute on the assigned trial judge would be made after the judge was assigned, and thus the identity of the trial judge clearly known. It makes sense, of course, that the legislature would write the statute this way; what judge's name would a defendant put on a written substitution request unless the identity of the trial judge is known? But the fact the legislature structured the language in a manner consistent with the obvious—that a defendant would not seek to substitute on a trial judge unless the identity of that judge is known—is very different than the legislature stating that a substitution request filed before the assignment of the trial judge—and before the identity of that judge is "officially" known—has "no legal effect," as the State asserts.[5]

---

[5] The State also contends consideration of WIS. STAT. § 971.20(3)(b) aids its position, but we do not see it. That provision states that a written request for substitution of the judge or court commissioner assigned to preside at the preliminary examination, if filed with the clerk, must be filed "at least 5 days before the preliminary examination unless the court otherwise permits." The State then points out that Larson "could have exercised her right to request a different court commissioner or judge to preside over her preliminary hearing, [but] she did not do so." Neither this statutory provision nor the State's contention related to it appears to us to provide any support for the State's assertion that Larson's substitution request was of no legal effect because it was filed prior to formal appointment of Judge Gabriele as the trial judge at bindover.

¶14    Indeed, the legislature displayed its ability to clearly preclude the legal effect of a written substitution request based on timing, as it wrote that such a request is to be filed "*before* making any motions to the trial court and *before* arraignment." *See* WIS. STAT. § 971.20(4) (emphases added).  Yet, it used no such limiting language with regard to front-end timing of a substitution request.  The language of the statute precluding the filing of a substitution request on the back end is specific and clear, providing us strong reason to conclude that the legislature's decision to not also include similarly clear preclusive language on the front end means there is no such preclusion on filing a substitution request before the assignment of a trial judge.  The legislature could have easily written something like:  "A written request for the substitution of a different judge for the judge originally assigned to the trial of the action may be filed with the clerk after the original trial judge is assigned and before making any motions to the trial court and before arraignment."  It did not, however, do so, and we will not accept the State's invitation to essentially write into the statute preclusive language the legislature did not choose to add.  The plain language of § 971.20(4) reveals the legislature only included a back-end preclusion on when a substitution request may be filed; it included no similar front-end preclusion.  As a result, there was no statutory prohibition to Larson filing her substitution request prior to bindover, and the chief judge erred in denying the request on the basis that it was untimely.

¶15    We conclude that Larson's request for judicial substitution pursuant to WIS. STAT. § 971.20(4) was timely filed.  Thus, we reverse the order of the circuit court and remand the cause for further proceedings consistent with this opinion.

*By the Court.*—Order reversed and cause remanded.

9